No. 12693

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

MOODY J. HARRINGTON and VICKY HARRINGTON,
husband and wife,

                    Plaintiffs and Appellants,

        -vs-

HOLIDAY RAMBLER CORPORATION,

                    Defendant and Respondent.

---

Appeal from:  District Court of the Eighth Judicial District,
              Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

    For Appellants:

        Hoyt and Bottomly, Great Falls, Montana
        John C. Hoyt argued, Great Falls, Montana

    For Respondent:

        Church, Harris, Johnson and Williams, Great Falls,
         Montana
        Donald A. LaBar argued, Great Falls, Montana

---

                            Submitted:  April 23, 1974

                            Decided: JUL 1 8 1974

Filed:  JUL 1 8 1974

*Thomas J. Kearney*
                              Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court of Cascade County granting defendant's motion to dismiss for lack of jurisdiction over defendant. The motion was made under Rule 12(b)(2), Montana Rules of Civil Procedure.

Plaintiffs Moody J. Harrington and Vicki Harrington are residents and citizens of the state of Montana and make their home in Great Falls. Defendant Holidy Rambler Corporation is a foreign corporation and has its principal place of business in Wakarusa, Indiana.

The root of plaintiffs' complaint lies in an alleged defective travel trailer manufactured by defendant and purchased new by plaintiffs in Spokane, Washington. The complaint in essence alleges:

(1) That plaintiffs purchased a new Holiday Rambler travel trailer at a total cost of $12,691 from a franchised dealer and agent of defendant.

(2) That plaintiffs informed the dealer the trailer was being purchased for use in Montana and plaintiffs towed it there immediately.

(3) That defendant manufactures travel trailers and sells and distributes them throughout the United States, including Montana, and in addition provides parts and service for its trailers in Montana.

(4) That prior to and at the time of purchase defendant, through its agents and representatives, expressly and impliedly warranted to plaintiffs that the trailer was fit for the use intended by them and that normal repairs and defects would be made good by defendant at its sole expense while the trailer was new.

(5) That defendant breached its warranties with respect to the trailer purchased by plaintiffs in that the following defects were discovered: gas leaks, sagging floors, torn linoleum, faulty drains, inoperative hot water tank, sagging ceilings, inoperative

doors and locks, missing oven latch, leaky windows, falling draperies, holding tank odors, defective propane bottle, and various other defects.

(6) That plaintiff Vicki Harrington, at the suggestion of a franchised dealer of defendant in Great Falls, called the manager of defendant's factory in Indiana in order to ask about getting the trailer replaced with a new unit in workable order, whereupon the manager became belligerent and abusive and accused plaintiff of being drunk when she in fact does not drink alcoholic beverages, and informed her that since plaintiffs had purchased the trailer they were stuck with it, "She would have to keep the Goddam trailer and quit bitching to him about it."

(7) That plaintiffs had to store the trailer for 128 days at $2.50 per day or a total cost of $320 because they were unable to use it for its intended purpose.

(8) That defendant represented and warranted to plaintiffs that the trailer was new and in workable condition, and thereby induced plaintiffs to purchase it.

(9) That defendant fraudulently and maliciously refused to honor its representations and warranties.

(10) That defendant abused plaintiffs when they inquired what could be done about the situation.

The prayer for relief was for a return of the down payment, assumption by defendant of the finance obligations; $3,000 for personal suffering; $25,000 for punitive damages; plus costs and disbursements.

Defendant filed a motion to dismiss for want of jurisdiction over its person. This motion was supported by a brief and the affidavit of its vice president, the salient parts of which claim:

(1) That defendant has no representative in or assigned to Montana, has not qualified to do business in Montana, and owns no parts, supplies or other property located in Montana.

(2) That any orders received from dealers located in Montana are and have been received by defendant in Indiana, and

- 3 -

shipped by common carrier F.O.B. Wakarusa, Indiana.

(3) That no sales are made by defendant through any employee or agents within Montana.

At a hearing on defendant's motion, plaintiffs testified, offered exhibits, and were cross-examined. Defendant relied solely upon its affidavit. On the basis of this affidavit the district court granted defendant's motion. Plaintiffs were given 20 days to amend their complaint but did not do so. Thereafter the district court ordered the case dismissed without prejudice.

After a brief but fruitless excursion into federal court, plaintiffs filed a second complaint in the district court. This complaint was substantially the same as the first one, but contained even more allegations and asked for increased damages. Defendant again filed a motion to dismiss for lack of jurisdiction and its affidavit in support thereof. Without a hearing, the district court granted the motion to dismiss.

Plaintiffs seek review of the merits of the district court's ruling on the jurisdiction question.

The underlying issue is whether the denial of jurisdiction, i.e. defendant's affidavit, overcomes the allegations of the complaint. We find it does not and hold that dismissal of plaintiffs' complaint on that ground was premature.

The complaint contains numerous allegations of a rather serious nature which, if proved, would place plaintiffs in a favorable position. It states the trailer was purchased from a franchised dealer and agent of defendant who did not charge plaintiffs a Washington sales tax and who gave them a brochure listing two franchised factory agents from whom service could be obtained in Montana (alleged in the second complaint); that defendant sells and distributes its trailers in Montana; that parts and services for defendant's trailers are available in Montana; that defendant's franchised dealer in Great Falls suggested that plaintiffs call defendant's factory in Indiana; and, that defendant violated its

- 4 -

warranties on the trailer and committed torts against plaintiffs in Montana.

By comparison, defendant's affidavit is ambiguous if not contradictory. On one hand defendant flatly asserts that it has nothing to do with the state of Montana, has "no representative resident assigned to or in Montana" and "no sales are made * * * within * * * Montana." On the other hand, defendant admits at least tacitly to having dealers in Montana---"orders received from dealers located in Montana" are accepted by the factory in Indiana, etc. Moreover, the tenor of the affidavit may reflect an unduly restrictive view as to what Rule 4, M.R.Civ.P., demands in order for jurisdiction to attach. Rule 4(b)(1) defines jurisdiction of persons as:

> "All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>
> "(a) * * *
>
> "(b) the commission of any act which results in accrual within this state of a tort action."

A reading of the allegations of the complaint clearly shows defendant was "found" within the state of Montana and that defendant committed torts in Montana by way of fraud and personal abuse. Defendant's affidavit, however, does not satisfactorily explain away plaintiffs' allegations concerning the former rule requirement, and fails to address itself at all to the latter rule requirement.

The most troublesome aspect here is that defendant was permitted simply to say "Nay" upon affidavit and thereby prevent plaintiffs from having their day in court. We are not disposed to say it is always improper to grant a motion to dismiss for lack of jurisdiction over the defendant when at a hearing on that motion the defendant offers nothing more in support of its position than an affidavit, but we do feel that in the normal course of things plaintiffs at least ought to have the opportunity to cross-examine

- 5 -

the defendant. Fundamental fairness requires that to the extent plaintiffs are denied such an opportunity, defendant's affidavit should be given less weight.

Reversed and remanded for further proceedings not inconsistent with this Opinion.

-------------------------------------------------
                           Chief Justice


We Concur:

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------

-------------------------------------------------
        Justices.