ESTHER KNOEPKE, GUARDIAN OF THE PERSONS AND ESTATES OF DEBRA J. MYLLYMAKI, TIMOTHY L. MYLLYMAKI, AND PAMELA M. MYLLYMAKI, MINORS, ALLAN A. SAMSON AND JUDITH E. MIKKELSON, THOMAS BRADY AND JUNE BRADY, FRANK DUSEK AND MARION DUSEK, PLAINTIFFS AND APPELLANTS, v. SOUTHWESTERN RAILWAY COMPANY, A CORPORATION, CHARLES R. NEWMAN, DUDLEY THOMAS NEWMAN, SAWYER AVIATION COMPANY, A CORPORATION, DARREL SAWYER, AND CECELIA K. BAILEY, SPECIAL ADMINISTRATRIX OF THE ESTATE OF ARTHUR J. MYLLYMAKI, JR., DECEASED, DEFENDANTS AND RESPONDENTS.

No. 14018.
Submitted Oct. 10, 1978.
Decided May 23, 1979.
595 P.2d 376.

Robert J. Johnson, argued and Torger Oaas, argued, Lewistown, for plaintiff and appellants.

Alexander, Kuenning, Miller & Ugrin, John H. Kuenning, argued, Dzivi, Conklin, Johnson & Nybo, William Conklin, argued, Smith, Emmons, Baillie & Walsh, Great Falls, Robert J. Emmons, Great Falls, argued, Blake, Colter, Flickinger & Dandet, P. C., Phoenix, Ariz., for defendants and respondents.

MR. JUSTICE SHEA delivered the opinion of the Court.

The plaintiffs in four death and survivorship actions, have filed notices of appeal from an order of the Judith Basin County District Court which dismissed all of the nonresident defendants for lack of personal jurisdiction. We dismissed the appeal because one defendant remains in the lawsuit and the order is therefore not final.

On September 29, 1973, a plane piloted by Arthur J. Myllymaki, Jr., crashed in the hills surrounding Stanford, Montana. The plane in question was owned by Charles R. Newman. Charles had loaned it to his brother, Dudley T. Newman, for a training flight from Arizona to Tacoma, Washington. Dudley in turn, had given Arthur Myllymaki, a pilot for Sawyer Aviation Company, permission to fly the plane to Stanford, Montana, to visit his relatives. At the time of the crash, Myllymaki was apparently giving a "joy ride" to a number of his friends and relatives. His passengers included: Lenny Haker, Patricia and Lyle F. Myllymaki, Zane Aaro Sampson, John Raymond Brady and Leslie David Dusek. The record indicates that Arthur Myllymaki made two low sweeps over a bar in Utica, Montana, and then headed into the hills to the west where the plane crashed. There were no survivors.

As a result of this tragic accident, at least five civil suits were filed. One of those suits was before us in *Haker v. Southwestern Railway Company* (1978), 176 Mont. 364, 578 P.2d 724. This appeal involves four consolidated actions brought by survivors and relatives of passengers other than Lenny Haker.

The plaintiffs in cause no. 3257 are the guardians ad litem for the three minor children of Patricia and Lyle F. Myllymaki; the

plaintiffs in cause no. 3268 are the parents and heirs at law of Zane Aaro Sampson; the plaintiffs in cause no. 3269 are the natural parents and heirs at law of John Raymond Brady; the plaintiffs in cause no 3270 are the natural parents and heirs at law of Leslie David Dusek. These parties will hereafter be referred to collectively as the plaintiffs.

The *original* defendants in the Myllymaki lawsuit (cause no. 3257) were the Arizona Railway Company, Sawyer Aviation and the special administrator of Arthur Myllymaki's estate (Cecelia K. Bailey). The *original* defendants in the other three lawsuits were Southwestern Railway Company, Sawyer Aviation Company and Cecelia K. Bailey. With the exception of Cecelia K. Bailey, all of the original defendants are corporations doing business in the State of Arizona.

Defendant Sawyer Aviation entered special appearances in four of the cases. Defendant Southwestern Railway filed an answer in three of the cases and challenged the jurisdiction of the Montana court. Southwestern Railway was not named as a defendant in the fourth action. Defendant Cecelia K. Bailey filed her answer in all four actions. Extensive discovery took place after all of the defendants had appeared.

On September 28, 1976, the plaintiffs in the Myllymaki case (cause no. 3257) filed a motion requesting that Arizona Railway Co. be dropped as a defendant, and Southwestern Railway be substituted in their place. On the same date, the plaintiffs in all four actions moved to add Dudley Thomas Newman, Charles R. Newman and Darrell Sawyer as party defendants.

On June 7, 1977, the District Court granted plaintiffs' motions to add Dudley Thomas Newman, Charles R. Newman and Darrell Sawyer as defendants. At the same time, however, the District Court entered the following order:

"IT IS ORDERED As follows:

"1. The motion of the Defendants Darrell Sawyer and Sawyer Aviation Company to dismiss the complaint as to said Defendants be, and it is hereby, granted.

"2. The motion of the Defendants Southwestern Railway Company a corporation, Dudley Thomas Newman and Charles R. Newman, to dismiss the complaint as to said Defendants be, and it is hereby, granted.

"3. The motion of the Plaintiffs for partial summary judgment be, and it is hereby, denied."

This order was filed in all four actions and notices were sent to the parties pursuant to Rule 77, Mont.R.Civ.P. The order did not however, grant a judgment of dismissal in favor of Cecelia K. Bailey, a defendant named by the plaintiffs from the outset. For this reason, as we will later discuss, the order and judgment were not final and therefore not appealable.

On June 10, 1977, the attorney for all of the plaintiffs filed an affidavit in each case disqualifying the judge who entered the June 7 order. After this disqualification, the disqualified judge, on July 19, 1977, entered the following judgment:

"This Court having, on June 6, 1977, made an order on motion of the defendants, Darrell Sawyer and Sawyer Aviation Company, a corporation, dismissing the Complaint for lack of jurisdiction over said parties and also dismissing said Complaint on the ground that it fails to state a claim upon which relief may be granted,

Now, on motion of said defendants, it is "ADJUDGED That the Complaint be, and the same hereby is, dismissed as against the Defendants, Darrell Sawyer, Sawyer Aviation Company, Southwestern Railway Co., Charles R. Newman and Dudley Thomas Newman."

On the same day, the clerk of the District Court mailed notice of the judgment to all of the parties. After signing the July 19 order, the disqualified judge removed himself from the case and called in another District Court judge who assumed jurisdiction.

The various plaintiffs did not immediately file a notice of appeal from *either* the June 7 order or the judgment filed July 19, 1977. Instead, they filed a motion in the District Court seeking a thirty day extension for filing their notice of appeal. Plaintiffs motion

stated that it was *"made to allow time . . . for presentation and consideration of a motion for an order vacating judgment and granting plaintiffs leave to file amended complaint."* On August 26, 1977, the various plaintiffs filed a combined motion seeking to vacate the July 19 judgment; the motion was grounded on Rule 60(b)(4) and Rule 60(b)(6), Mont.R.Civ.P.

On September 12, 1977, the District Court denied the motion to vacate the July 19 judgment, but granted the plaintiffs an additional thirty days to file their notices of appeal.

The issues framed by the parties in their appeal to this Court are whether the District Court was correct in dismissing the complaints against the defendants and whether the plaintiffs filed a timely notice of appeal. Plaintiffs seek a determination on the merits of the dismissal orders, and the defendants, while they answer the appeal should be dismissed because plaintiffs did not file a timely notice of appeal.

We dismiss this appeal on a legal point not thoroughly addressed by any of the parties. We determine that since there is one defendant who has not been dismissed from any of the actions, we do not, under the present state of facts, have jurisdiction to hear this appeal.

Rule 1, Mont.R.App.Civ.P., confers jurisdiction on this Court to hear an appeal "[f]rom a *final judgment* entered in an action or special proceeding commenced in a district court." Rule 5, Mont.R.App.Civ.P. provides that: "The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof . . ."

In this case, the parties urge that there was a final judgment which started the thirty day period running. The plaintiffs urge that the July 19 judgment was an appealable order and that they filed a timely notice of appeal. Defendants, on the other hand, claim that the June 7 order *and* the July 19 judgment constituted appealable orders. Defendants argue plaintiffs lost their right to appeal by failing to file a timely notice of appeal from either the July 7 order or the July 19 judgment. The parties however, have apparently overlooked Rule 54(b), Mont.R.Civ.P. It provides:

"When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon the express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

In the present case, the suit against Cecelia K. Bailey, special administratrix of the estate of Arthur Myllymaki, Jr., is still pending in the District Court. The District Court did not make an express determination that there was no just reason for delay and an express direction for entry of a final judgment, in compliance with Rule 54(b). For this reason, this Court does not have jurisdiction to entertain an appeal.

Accordingly, the consolidated appeals are dismissed.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY and SHEEHY concur.