No. 86-01

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

SAMUEL JACKSON and RITA JACKSON,

        Plaintiffs and Appellants,

    -vs-

KROLL, POMERANTZ and CAMERON,
a Law Partnership,

        Defendants and Respondents.

_____

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cok & Wheat; Michael E. Wheat, Bozeman, Montana

    For Respondent:

        Nash, Wellcome, Frost, Guenther & Zimmer; Page
        Wellcome, Bozeman, Montana

_____

Submitted on Briefs: June 20, 1986

Decided: September 9, 1986

Filed: SEP 9 - 1986

_____
Clerk

Mr.Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Samuel and Rita Jackson (Jacksons), sued defendant, Kroll, Pomerantz, and Cameron, (Kroll), a law firm with its principal place of business in New York, alleging conspiracy and violation of the Montana Insurance Unfair Trade Practices Act. Kroll moved to dismiss for lack of personal jurisdiction. Following a hearing, the Eighteenth Judicial District Court granted Kroll's motion and dismissed the complaint. This appeal follows.

Jacksons purchased residential property in Belgrade, Montana. The property had been listed with Realty World Land Office. Elizabeth McNeal, a sales agent for Realty World, originally showed the property to Jacksons. She represented to Jacksons that the lot was 120 feet wide by 140 feet long. Jacksons purchased the property in May of 1982. On October 3, 1982, Jacksons learned that the lot was only 80 feet wide and that the fence and sprinkler system installed by the previous owners encroached upon the lots on either side of the property.

Jacksons notified Realty World of the discrepancy on October 19, 1982. Realty World was covered by an errors and omissions insurance policy issued by Ambassador Insurance Company of New York (Ambassador). Pursuant to the policy, Realty World notified Ambassador of Jacksons' claim by giving notice to Ambassador's agent, the Kroll law firm. Kroll commenced investigation of the matter on behalf of Ambassador. On May 18, 1983, Kroll sent a letter to Jacksons' attorney denying liability on the part of Realty World.

2

On November 10, 1983, Ambassador voluntarily placed itself into insolvency rehabilitation in the State of Vermont.

Jacksons have settled with all parties concerned except Ambassador and Kroll. On May 8, 1985, Jacksons filed their complaint against Kroll law firm. Elliott Kroll filed affidavits in July and August of 1985, explaining Kroll's position.

Elliot Kroll stated in his affidavits that the Kroll law firm:

1. did not act as an insurance company but merely represented insurance companies;

2. always hired local counsel to represent Ambassador in the various law suits filed against it;

3. was paid by Ambassador on an interim basis, was not on retainer and is owed considerable money by Ambassador;

4. owns no property or offices in Montana, retains no employees or agents in Montana, has no clients in Montana and does not regularly conduct business in Montana;

5. would contact, by telephone or letter, the interested parties, informing them that Kroll was acting for Ambassador, ascertain the pertinent facts concerning the claim and report the information to Ambassador's claims department;

6. never agreed to approve the payment of a claim unless approved by Ambassador's claim agent first; and

7. never actually paid a claim with its own money.

The District Court granted respondent's motion to dismiss holding that Rule 4B(1), M.R.Civ.P., cannot be extended to give Montana personal jurisdiction over Kroll. The District Judge found that according to Elliott Kroll's affidavits, the act which resulted in the tort action - the

3

denial of liability on an insurance claim - was committed by Ambassador, not Kroll.  He then went on to find that even if Kroll was in some way responsible, there were insufficient "minimal contacts" by Kroll with Montana to satisfy due process.

The sole issue on appeal is whether the law firm of Kroll, Pomerantz, and Cameron is subject to the jurisdiction of the Montana Courts.

The rules controlling when a Montana District Court may exercise long-arm jurisdiction are well-settled.  Rule 4B(1), M.R.Civ.P., states:

> Rule 4B.  Jurisdiction of persons.  (1)  Subject to jurisdiction.  All persons found within the state of Montana are subject to the jurisdiction of the courts of this state.  In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
> (a)  the transaction of any business within this state;
> (b)  the commission of any act which results in accrual within this state of a tort action;
> (c)  the ownership, use or possession of any property, or of any interest therein, situated within this state;
> (d)  contracting to insure any person, property or risk located within this state at the time of contracting;
> (e)  entering into a contract for services to be rendered or for materials to be furnished in this state by such person; or
> (f)  acting as director, manager, trustee, or other officer of any corporation organized under the laws of, or having its principal place of business within this state, or as personal representative of any estate within this state.

Neither party contends Kroll is "found within the state of Montana."  Therefore, in order for jurisdiction to lie, Kroll must have done "personally, through an employee, or through an agent", any of the above-described acts.  In their complaint, Jacksons contend that through Kroll's relationship with Ambassador, Kroll had the authority to and "did in fact participate in, manage and make command decisions concerning

4

the evaluation and processing of Jacksons' claim"; that these acts constituted the practice of the business of insurance; and that Kroll's practice of the business of insurance violated the Montana Unfair Trade Practices Act in that Kroll wrongly and in bad faith denied liability on their claim. These contentions, if true, constitute acts on which a tort action could be based. See Gould v. Mutual Life Insurance Co. of New York (Wash.App. 1984), 683 P.2d 207.

Motions to dismiss, of which this is one, have

the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true. (Citations omitted.)

Willson v. Taylor (Mont. 1981), 634 P.2d 1180, 1182, 38 St.Rep. 1606, 1608.

Kroll attempts to refute the facts alleged in Jacksons' complaint through affidavits. Affidavits may be used to help determine personal jurisdiction issues under motions to dismiss. Knoepke v. Southwestern Railway Co. (Mont. 1980), 620 P.2d 1185, 1188, 37 St.Rep. 1910, 1914. However, affidavits may not be used by a defendant for the sole purpose of refuting the factual allegations in the complaint in order to deny plaintiffs their day in court. Harrington v. Holiday Rambler Corp. (1974), 165 Mont. 32, 37, 525 P.2d 556, 558-559. Because Elliott Kroll's affidavits were used for exactly this purpose, we refuse to consider them. The contentions in Jacksons' complaint are accepted as true for purposes of determining whether jurisdiction lies.

Since the contentions in Jacksons' complaint constitute acts upon which a tort action could be premised, we hold that Kroll comes within Montana's long-arm jurisdiction statutes. Rule 4B(1), M.R.Civ.P. However, our inquiry does not end

5

here.  We must next decide the most important question, whether the exercise of long-arm jurisdiction over Kroll would "comport with traditional notions of fair play and substantial justice."  Simmons v. State of Montana (Mont. 1983), 670 P.2d 1372, 1376, 40 St.Rep. 1650, 1652.

In Simmons, supra, we adopted the test developed by the Ninth Circuit Court of Appeals in Data Disc, Inc. v. Systems Technology Assoc., Inc.  (9th Cir. 1977), 557 F.2d 1280, 1287, for determining when exercise of our long-arm jurisdiction will be commensurate with defendant's due process rights.  When, as here, the non-resident defendant's activities within Montana are not so "substantial" or "continuous and systematic", as to subject defendant to general jurisdiction, the following three criteria must be met:

> 1.  The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its laws.
>
> 2.  The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> 3.  Exercise of jurisdiction must be reasonable.

Simmons, 670 P.2d at 1378, 40 St.Rep. at 1656.

In order to determine whether exercise of jurisdiction would be reasonable, we must examine such factors as:

> 1.  The extent of defendant's purposeful interjection into Montana;
>
> 2.  The burden on defendant of defending in Montana;
>
> 3.  The extent of conflict with the sovereignty of defendant's state;
>
> 4.  Montana's interest in adjudicating the dispute;
>
> 5.  The most efficient resolution of the controversy;

6

6. The importance of Montana to plaintiff's interest in convenient and effective relief; and

7. The existence of an alternative forum.

See Taubler v. Giraud (9th Cir. 1981), 655 F.2d 991, 994, and Simmons, 670 P.2d at 1383-1385, 40 St.Rep. at 1661-1664.

The trial judge erred in holding that Kroll's due process rights would be violated should Montana exercise jurisdiction. If, as the complaint alleges, Kroll conducted the investigation on behalf of the insurance company and made the decision to deny liability, Kroll "purposely availed itself of the privilege of conducting business in Montana" and committed a tort which accrued in Montana. Under Montana law, the act causing the injury (the decision to deny liability) need not occur in Montana as long as the tort accrues here. See Bullard v. Rhodes Pharmacal Co., Inc. (D.Mont. 1967), 263 F.Supp. 79, 82, and Scanlan v. Norma Projektil Fabrik (D.Mont. 1972), 345 F.Supp. 292, 293.

In addition, exercise of jurisdiction over Kroll is reasonable. If Kroll arranged with Ambassador to make decisions with respect to Ambassador's liability throughout the country, Kroll "purposefully interjected" itself into those states where the effects of such decisions are felt, including Montana. If Kroll "purposefully interjected" itself into Montana, the burden and inequity of requiring Jacksons to prosecute this action in New York would be far greater than that of requiring Kroll to defend itself in Montana. Finally, jurisdiction is reasonable because Montana has a great interest in regulating bad faith by insurance companies in the state.

The decision of the trial judge is reversed and the cause is remanded for further proceedings.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8