No. 86-395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

ANNE PETRIK,

Plaintiff and Appellant,

-vs-

ROBERT COLBY, D.D.S.,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eula Compton, Bozeman, Montana

For Respondent:

Berg, Coil, Stokes & Tollefsen; Don M. Hayes,
Bozeman, Montana

Submitted on Briefs: Oct. 30, 1986

Decided: December 31, 1986

Filed: DEC 31 1986

_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivering the Opinion of the Court.

Anne Petrik appeals a decision by the District Court of the Eighteenth Judicial District, Gallatin County, granting defendant-respondent Robert Colby's motion to dismiss her action for lack of personal jurisdiction.

The issue raised on appeal is whether the District Court had personal jurisdiction over a defendant who had no contact with the State but who knew or should have known that his intentional act would cause injury in this state.

In 1978, Dr. Robert Colby, a dentist who lives and practices in Tappan, New York, performed a root canal procedure on fellow New Yorker Anne Petrik. During the procedure, Dr. Colby broke a dental file, leaving the tip in Petrik's jaw. Apparently Dr. Colby never informed Petrik of the complication. Five years after the root canal operation Petrik moved to Montana.

After she moved to Montana in 1983 the root canal work developed complications. As a result she brought suit in the Montana District Court against Dr. Colby in April, 1986, alleging damages for past and future dental expenses, lost teeth, disfigurement, and severe pain and suffering. She alleged these injuries to be the proximate result of Dr. Colby's failure to warn her of the broken file tip immediately after the root canal procedure, and his concealment of the infection it eventually caused. Dr. Colby was served with summons and complaint under the long-arm provisions of Rule 4B(1), M.R.Civ.P.

In May, 1986, Dr. Colby successfully challenged the Gallatin District Court's _in personam_ jurisdiction. Ms.

Petrik is appealing the District Court's order of dismissal, arguing that in personam jurisdiction is reasonable because Dr. Colby committed an intentional tort and was aware that injury would accrue in Montana. We are unwilling to adopt Ms. Petrik's far-reaching interpretation of the state's long-arm statute, Rule 4B(1), M.R.Civ.P., and therefore affirm the District Court's order.

There is a two-step analysis used to determine whether personal jurisdiction exists to allow an action to be maintained in the courts of this state. We applied this test in May v. Figgins (1980), 186 Mont. 383, 386, 607 P.2d 1132, 1134, where we cited the process set forth in 2 Moore's Federal Practice, Section 4.41-1[1] at 4-421:

> The court first must look to the State statute to determine whether the statute provides for the exercise of jurisdiction under the particular facts of the case, and second, the court must determine whether it would offend due process to assert jurisdiction.

Appellant Petrik argues that where an intentional tort is involved (and she contends concealment of the breaking of the file was fraudulent misrepresentation, an intentional tort), and where a defendant knows that injury from that tort will accrue in the forum state, the forum state may take personal jurisdiction regardless of the presence or absence of minimal contacts. She admits that Dr. Colby was not personally found within the state so as to establish jurisdiction. However, she contends that it is sufficient for purposes of establishing jurisdiction that Dr. Colby's acts in New York state were intentional and resulted in the accrual of a tort within Montana. In other words, she argues that if Dr. Colby's act was intentional, then the exercise of jurisdiction comports with due process (and traditional

notions of fair play and substantial justice) simply because the act was intentional.

The May v. Figgins rule requires that we first look to our statute to see if it provides for the exercise of personal jurisdiction under our facts. Montana's long-arm statute states in pertinent part:

> . . . any person is subject to the jurisdiction of the courts of this State as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>
> . . .
>
> (b) the commission of any act which results in accrual within this State of a tort action.

Rule 4B(1), M.R.Civ.P.

On this point, the District Court held that the tortious act accrued in Montana, thereby satisfying the first of the two May requirements. For the purposes of this case only, we accept the District Court's finding.

It is the second of the May requirements that prevents Montana courts from exercising personal jurisdiction. The issue this second requirement raises is whether the exercise of Montana jurisdiction is consistent with the protections afforded by the Due Process Clause, that is, whether the exercise of jurisdiction is fair and reasonable and comports with the traditional due process notions of fair play and substantial justice.

The test this Court has adopted to measure the reasonableness of exercising the state's long-arm statute was developed by the Ninth Circuit Court of Appeals in Data Disc, Inc. v. Systems Technology Assoc. (9th Cir. 1977), 557 F.2d 1280, 1287 and was recently applied by this Court in Simmons v. State of Montana (Mont. 1983), 670 P.2d 1372, 1376, 40

- 4 -

St.Rep. 1650, 1652, and Jackson v. Kroll, Pomerantz and Cameron (Mont. 1986), 724 P.2d 717, 43 St.Rep. 1622, 1626.

The Data Disc analysis requires examination of seven basic factors to determine if exercise of in personam jurisdiction is reasonable: 1) The extent of defendant's purposeful interjection into Montana; 2) The burden on defendant of defending in Montana; 3) The extent of conflict with the sovereignty of defendant's state; 4) Montana's interest in adjudicating the dispute; 5) The most efficient resolution of the controversy; 6) The importance of Montana to plaintiff's interest and effective relief; and, 7) The existence of an alternative forum.

The only contact Dr. Colby has had with the State of Montana is that his former patient, Anne Petrik, moved to Montana five years after he performed a root canal operation on her. Dr. Colby lives and practices in New York. The root canal work was done in New York. Anne Petrik did not reside in Montana until 5 years after having had the dental procedure. There are no allegations that Dr. Colby has done business in Montana, has assets in Montana, has maintained an office in Montana, has solicited business in Montana, has treated Anne Petrik while she has been in Montana, or has had any telephone conversations or corresponded with Anne Petrik while she has been in Montana. There is no allegation that Dr. Colby has had any contact with Montana. There are simply no facts to indicate that he has purposefully interjected himself in Montana or purposely availed himself of the privilege of conducting activities here. Finally, there is no allegation that justice cannot be had in New York.

The burden on defendant of defending in Montana and plaintiff's burden of proving the alleged intentional tort of fraudulent misrepresentation both suggest that New York state is the most reasonable forum for this action. It offends this Court's sense of the traditional notions of fair play and substantial justice to require Dr. Colby to defend this action in Montana. The only contact which Ms. Petrik asserts Dr. Colby has had with Montana is that five years after the root canal work was done he knew that Ms. Petrik was moving to Montana and should have known that there would be some harmful effect in Montana.

The reasonableness considerations are not unlike those in Wright v. Yackley (9th Cir. 1972), 459 F.2d 287. In Wright, Yackley was a South Dakota doctor who treated Wright while Wright was living in South Dakota. Wright moved from South Dakota to Idaho and sought to have prescriptions given by Yackley refilled in Idaho. This required confirmation of the prescriptions from Yackley, which he gave by furnishing copies of the original prescriptions. Wright alleged injury by the use of the drugs and brought suit in Idaho. The Federal District Court for Idaho dismissed for lack of jurisdiction. The Court of Appeals for the Ninth Circuit affirmed the District Court's action explaining:

> [t]he idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences forseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available.

Wright v. Yackley (9th Cir. 1972), 459 F.2d at 289.

The Court of Appeals balanced three factors to reach its determination that in personam jurisdiction was unreasonable. The first factor is the amount of contact between the

defendant and the forum state. <u>Wright</u>, 459 F.2d at 290-291. As applied to Dr. Colby, it is clear that there was no systematic or continuous or indeed any effort on the part of the doctor to provide services in Montana. The second factor is "whether the nature of the contacts meant they were normally grounded outside of any relationship with the forum state." 459 F.2d at 290. This factor is not met, as the residence of Ms. Petrik in Montana was incidental and wholly unrelated to the benefits provided by Dr. Colby in New York. Dr. Colby did not purposely avail himself in any way of the privilege of conducting activities within Montana. Hanson v. Denckla (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283.

The final factor is whether the forum state's natural interest in the protection of its citizens is countered by an interest in access to medical services whenever needed. <u>Id</u>. This factor is also not applicable. We admit that Montana has a natural interest in protecting its citizens from injury by out-of-state doctors. The state also wants to insure that there are medical services to meet its citizens' needs wherever they go. However, in the instant case, the dental service was provided by a New Yorker, Dr. Colby, to a New Yorker, Anne Petrik. Anne Petrik was not a Montanan who traveled to New York for the dental work. Here, Anne Petrik moved to Montana five years after the work was performed, hence the protection versus access trade-off is not raised.

In sum, the state interest does not, in view of the <u>Wright</u> and <u>Jackson</u> factors suffice to support exercise of <u>in personam</u> jurisdiction.

The decision of the District Court is affirmed.

John E. Shelly
Justice

- 7 -

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_____

_____

_____

_William E. Hewitt_
Justices