No. 02-424

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 87

GULF INSURANCE COMPANY and
SECURITY INSURANCE of HARTFORD,

      Plaintiffs and Respondents,

    v.

DONALD E. CLARK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                   In and for the County of Lake, Cause No. DV-02-07
                   The Honorable Deborah Kim Christopher, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      James C. Bartlett, Kalispell, Montana

      For Respondents:

      Debra D. Parker, Connell Law Firm, Missoula, Montana

Submitted on Briefs:  October 10, 2002

Decided:  April 21, 2003

Filed:

_____
                                   Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Appellant Donald Clark (Clark) appeals an order of the Twentieth Judicial District Court, Lake County, denying his motion to quash a writ of execution obtained by Gulf Insurance Company (Gulf) and Security Insurance of Hartford (Security). We reverse and remand for proceedings consistent with this Opinion.

¶2 We address the following issue on appeal: Did the District Court err in denying Clark's motion to quash the writ of execution?

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶3 This is the second time this case has appeared before this Court. In *Gulf Ins. Co. v. Clark*, 2001 MT 45, 304 Mont. 264, 20 P.3d 780, we addressed application of the statute of limitation under Montana's Uniform Fraudulent Transfer Act, §§ 31-2-326 to 342, MCA. However, the issue now on appeal is unrelated to our earlier decision and requires us to again detail the facts and procedural history of this case.

¶4 In 1993, Clark and other parties not involved here entered into indemnity bond agreements with Gulf and Security concerning government construction contracts. Sometime between 1993 and 1995, Clark and the other parties allegedly breached the underlying government construction contracts. Subsequently, Gulf and Security indemnified Clark and the other parties by completing performance under the government contracts. In April, 1995, Gulf and Security brought an action in federal district court in California against Clark and the other parties seeking reimbursement pursuant to the indemnity bond agreements. In order to properly provide the federal district court with personal jurisdiction

2

over Clark, Gulf and Security made various efforts, the efforts at issue here, to serve Clark with the summons and complaint. These efforts included attempts at both personal service and then service by publication in the Bigfork Eagle. Then, upon request by Gulf and Security, the federal district court allowed default judgment entered against Clark in 1997-- approximately $573,000 in favor of Gulf and $56,000 in favor of Security.

¶5 In 1999, In order to execute the judgment on Clark's Montana assets, Gulf and Security docketed the judgment in federal district court in Montana pursuant to 28 U.S.C. § 1963. At about that same time, Gulf and Security also brought an action in Montana state court, asserting Clark fraudulently transferred his real property in order to avoid having to reimburse them. Gulf and Security claimed that Clark's land transfers to Clark and Associates, Inc., a Montana corporation with Clark's son as the sole shareholder, were made with the intent to prevent execution of judgment and were made without reasonably equivalent value as consideration.

¶6 On appeal, we affirmed the District Court's determination that Gulf and Security's fraudulent transfer claim was barred by the applicable statute of limitations. *Gulf Ins. Co., ¶¶* 11-45. However, as part of our conclusion that Clark's transfers "could reasonably have been discovered" earlier by Gulf and Security as required by § 31-2-341, MCA, we noted that Gulf and Security had hired the services of several private investigators to collect information on Clark's whereabouts in order to establish proper personal service on Clark for the federal action. *Gulf Ins. Co., ¶¶* 9 & 20. Further, due to our conclusion that the statute of limitation had run, we did not address the merits of Gulf and Security's complaint.

3

¶7 After our decision denying the state claim, Gulf and Security docketed the federal judgment in the Twentieth Judicial District Court, Lake County. In accordance with the judgment, Gulf and Security requested and received a writ of execution from the Lake County Clerk of Court. A levying officer then executed on the accounts in Clark's name at the Flathead Bank of Bigfork and collected $4,890.00.

¶8 Upon notice of the levy on his accounts, Clark filed a motion in the District Court to quash the writ of execution and compel the return of the proceeds. As the basis for his motion, Clark asserted that the federal judgment was invalid and the writ of execution void because the federal district court never obtained proper personal jurisdiction over him. Clark asserted that the service by publication was invalid because the ad Gulf and Security purchased in the Bigfork Eagle failed to comply with the federal court's order requiring publication of the summons ordering Clark to appear. Specifically, the ad published the order allowing service of the summons by publication, rather than the summons itself. In addition, Clark argued Gulf and Security could not rely on the prior personal service because the federal court specifically allowed service by publication due to Gulf and Security's representation to that court that the personal service was insufficient.

¶9 In contrast, Gulf and Security asserted that the federal court had proper personal jurisdiction over Clark because the personal service on Clark at his Flathead residence was valid and was executed before the service by publication. On this basis, Gulf and Security asserted the judgment and execution were therefore valid.

¶10 After oral argument, the District Court concluded that Clark "cited no authority

4

allowing a State Court to invalidate a Federal District Court's Judgment when Federal Court transcription of judgment is filed for execution in the State Court." As a result, the court denied Clark's motion. Clark now appeals. Further facts are discussed below.

## II. STANDARD OF REVIEW

¶11 We review a court's conclusion of law regarding personal jurisdiction to determine whether it is correct. *Cardneaux v. Cardneaux*, 1998 MT 256, ¶ 7, 291 Mont. 230, ¶ 7, 967 P.2d 410, ¶ 7. We review related findings of fact to determine whether the findings are clearly erroneous. *Graveley Simmental Ranch Co. v. Quigley,* 2003 MT 34, ¶ 19, 314 Mont. 226, ¶ 19, 65 P.3d 225, ¶ 19. *Cf. Minuteman Aviation, Inc. v. Swearingen* (1989), 237 Mont. 207, 212, 772 P.2d 305, 308-09 (allowing a preliminary hearing for factual findings necessary for personal jurisdiction determinations).

## III. DISCUSSION

¶12 **Did the District Court err in denying Clark's motion to quash the writ of execution?**

¶13 On appeal, Clark reasserts the argument he made to the District Court that the federal court did not have personal jurisdiction over him because the service by publication in the Bigfork Eagle failed to comply with the federal district court order. Clark also asserts that Gulf and Security should be estopped from asserting that the prior personal service was valid because the federal court specifically allowed service by publication due to Gulf and Security's earlier representation to that court that personal service was not accomplished.

¶14 In contrast, Gulf and Security argue that despite the errors in the service by

publication, Clark was nonetheless personally served and therefore the federal court had proper personal jurisdiction over him to render an enforceable judgment. Gulf and Security assert that even though they represented to the federal court that the personal service was not adequate, they should not be estopped from making this argument to this Court because their efforts to secure service on Clark were over diligent. In sum, they assert that Clark's estoppel argument is a form over substance position that this Court should not adopt.

¶15 As already noted, the District Court held that it had no notice of authority to set aside the federal judgment.

¶16 After reviewing the case law, we disagree with the District Court regarding its authority to set aside judgment. Further, we agree with Clark that by virtue of the federal court's order holding that service by publication was necessary, Gulf and Security cannot rely on their attempts at personal service to argue the federal court had personal jurisdiction.

¶17 First, the rule is established that a party seeking to vacate a foreign judgment filed in Montana's state courts may do so only upon defenses that make the underlying judgment invalid or unenforceable. *Carr v. Bett*, 1998 MT 266, ¶ 42, 291 Mont. 326, ¶ 42, 970 P.2d 1017, ¶ 42. Such defenses include lack of personal or subject matter jurisdiction of the rendering court, fraud in the procurement of the judgment, lack of due process, or satisfaction. *Carr*, ¶ 42. If the foreign judgment is valid, it "should have the same credit, validity, and effect, in every other court of the United States, which it had . . . where it was pronounced." *Carr*, ¶ 39 (citation omitted); *Stoll v. Gottlieb* (1938), 305 U.S. 165, 172, 59 S.Ct. 134, 137, 83 L.Ed. 104 (addressing federal court judgment enforced in state court

6

under precursor to 28 U.S.C. § 1738); *Robinson v. First Wyo. Bank, N.A.* (1995), 274 Mont. 307, 909 P.2d 689; § 25-9-503, MCA. *Cf. Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n* (1982), 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (addressing Full Faith and Credit Clause application between states).

¶18    In this case, Clark essentially asserts that the District Court erred in concluding it had no authority to review whether the federal court lacked personal jurisdiction over him. Under the above precedent, we agree. Personal jurisdiction is a matter that goes to the underlying validity of the judgment of the rendering court. Therefore, Clark is entitled to raise the issue of personal jurisdiction in the state court in which Gulf and Security docketed the federal judgment in order to receive a writ of execution. We note in making this holding that Gulf and Security essentially concede that the District Court had authority to review the issue of personal jurisdiction.

¶19    Having determined that the District Court erred in concluding it was without power to review the issue of personal jurisdiction, we now turn to address the issue the District Court did not reach: whether Clark was properly subject to the federal court's jurisdiction such that the federal default judgment against him was valid.

¶20    As mentioned, Clark asserts that the service by publication was not done properly and is therefore ineffective. In addition, Gulf and Security admitted in a request for admission that the service by publication, pursuant to the federal court order, was not properly completed. Gulf and Security noted that while the order allowing publication and the summons were both sent to the Bigfork Eagle, the paper apparently published the order

7

rather than the summons in contradiction to Gulf and Security's request. Our review of the record indicates that the service by publication in fact did not comply with the federal court order because the ad in the Bigfork Eagle published the order allowing service by publication rather than the summons on Clark itself. Therefore, the service by publication did not provide the federal court with jurisdiction to enter the default judgment.

¶21 Clark next asserts that Gulf and Security must be estopped from asserting the personal service was proper because they represented to the federal court that the personal service was inadequate. In contrast, based on the affidavit of the individual who delivered the summons and second amended complaint to Clark's wife at Clark's Flathead residence, Gulf and Security assert that service was actually properly accomplished according to Federal Rule of Civil Procedure 4(e)(2)[1] and California Code of Civil Procedure § 415.20(b).[2] Gulf and

---

[1] Rule 4(e)(2), Fed.R.Civ.P. reads: **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
. . . .
(2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

[2] Section 415.20(b), Cal. Code Civ. P. entitled: **Leaving copy of summons and complaint at office, dwelling house, usual place of abode or business or usual mailing address; mailing copy**, reads:
. . . .
(b) If a copy of the summons and of the complaint cannot with reasonable diligence be personally delivered to the person to be served as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and of the complaint at such person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent

Security also note that the summons and complaint were mailed to Clark following service at his residence in compliance with the foregoing California rule. Therefore, Gulf and Security argue that we must affirm the District Court.

¶22 Again, after reviewing the record, we agree with Clark as to the ultimate result that the District Court's order must be reversed. In the application for an order allowing service by publication, Gulf and Security represented to the federal court that their attempts at personal service were unsuccessful. Specifically, the application and incorporated documents note that Clark's wife took the summons and complaint to an attorney in Kalispell and told him that she was not authorized to accept service on behalf of Clark. Based on this representation, she requested that the attorney notify the plaintiffs, which he did. In his letter, the attorney stated he was writing to notify the attorneys for Gulf and Security that service was not complete based on the assertions of Clark's wife. Then, as mentioned above, upon receiving this letter, Gulf and Security represented to the federal court that their attempt at service was unsuccessful. Now, Gulf and Security assert that their attempt at personal service was successful because their process server properly left the summons and complaint with Clark's wife at his residence in compliance with the federal and California rules.

member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

¶23 However, Gulf and Security cannot have it both ways. In its order granting service by publication, the federal court made a conclusion of law that based on the evidence presented by Gulf and Security, service could not be accomplished other than by publication. Effectively, the court determined, based on Gulf and Security's representations, that personal service had not been accomplished. This Court simply cannot overrule that legal conclusion. *Cf. In re Child Support of Mason*, 1998 MT 192, ¶ 14, 290 Mont. 253, ¶ 14, 964 P.2d 743, ¶ 14 (Montana court cannot re-litigate the issue of personal jurisdiction if it was already addressed by the foreign court); *Hollister v. Forsythe* (1996)*,* 277 Mont. 23, 28-30, 918 P.2d 665, 667-69. Therefore, if Gulf and Security want to assert that the personal service prior to the failed service by publication was actually successful, they must return to the federal court to readdress its conclusion of law.

¶24 In sum, because the District Court erred when it failed to hold that service by publication was not properly accomplished pursuant to the federal court order, we reverse.

¶25 Finally, Clark asserts he is entitled to attorney fees and costs under *Foy v. Anderson* (1978), 176 Mont. 507, 511-12, 580 P.2d 114, 117. However, while the prevailing party is entitled to costs on appeal by Rule 33, M.R.App.P., *Foy* allows us to affirm a district court's discretionary award of attorney fees under its equitable powers. We see no grounds to exercise our equitable powers to award attorney fees in this case.

## IV. CONCLUSION

¶26 Because the District Court erred in denying Clark's motion to quash the writ of execution, we reverse and remand for proceedings consistent with this Opinion.

10

/S/ JAMES C. NELSON

We Concur:


/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE