DA 10-0218

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 243N

GREGORY S. HALL,

 Plaintiff and Appellant,

 v.

DON HALL, d/b/a DON HALL BUILDERS,
DONNA HALL d/b/a TOWN & COUNTRY
PROPERTY MANAGEMENT AND REAL
ESTATE, DEBRA CERNICK d/b/a DEBRA'S
MONTANA COUNTRY REAL ESTATE also
d/b/a MONTANA COUNTRY REAL ESTATE,
and JOHN D. HEINLEIN,

 Defendants and Appellees.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 07-67
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

 For Appellant:

 Maxwell G. Battle, Jr., Attorney at Law, Kalispell, Montana

 For Appellees:

 Tracy Axelberg, Christensen, Moore, Cockrell, Cummings & Axelberg,
P.C., Kalispell, Montana (Donna Hall)

 C.J. Johnson, Kalkstein & Johnson, P.C., Missoula, Montana (Debra
Cernick)

 Amy N. Guth, Attorney at Law, Libby, Montana (John D. Heinlein)

  Submitted on Briefs: October 20, 2010
   Decided: November 10, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gregory Hall (Hall) purchased a house in Libby, Montana, from John Heinlein (Heinlein) in August 2006. Debra Cernick (Cernick) represented Heinlein as the seller's agent. Donna Hall (Donna), no relation to Hall, represented Hall as the buyer's agent. Don Hall, Donna's husband and no relation of Hall, conducted the home inspection.

¶3 Heinlein had owned the 50-year-old house for approximately one year before the sale. Heinlein executed a standard seller's disclosure statement when he listed the property. The four-page document identified two material issues regarding the property. Page two of the seller's disclosure, under "HEATING SYSTEM: (Gas Leaks, Furnace Problems, and Thermostat)," included the following disclaimer: "Furnace never used. However, was accidentally turned on and pipe leaked in basement. Furnace was professionally disconnected." Page three of the seller's disclosure under the "OTHER" section, noted: "Owner hear [*sic*] water sounds in basement and contacted City of Libby. No signs of water or excessive water bills." Heinlein disclosed no other adverse facts to Cernick. Cernick volunteered the furnace and "water sounds" information to area real estate agents during the tour of the house before Hall purchased the property. Cernick also provided the complete four-page seller's disclosure statement to Donna.

¶4     Donna testified, in turn, that she had provided the disclosure statement to Hall after confirming that all four pages were present. Donna testified that she also had discussed the furnace and water sounds issue with Hall when he first toured the property. Hall signed the seller's disclosure and admitted to having reviewed it carefully. He alleges, however, that the second page was missing from the copy that Donna had provided to him and therefore had failed to disclose the furnace issue.

¶5     Hall brought an action in which he alleged constructive fraud, intentional fraud, negligence, and negligent misrepresentation. Hall relied exclusively on an engineer, Scott Curry (Curry), to establish a link between the alleged latent defects and the damages alleged by Hall. The District Court granted defendants' motion in limine to exclude from evidence any reference to the presence of asbestos in the house, any evidence that the small amount of mold found in the house was "toxic" or dangerous, and any evidence that they caused or contributed to any medical condition of which Hall might complain. The District Court similarly refused to allow Hall to present expert testimony regarding mold amounts, abatement costs, and the real estate broker standard of care.

¶6     The District Court noted that Curry admitted that no one had ever undertaken any tests to determine if the small quantity of suspicious material found in the attic was vermiculite, and, if it was, whether it was contaminated with asbestos. The court also determined that Curry lacked the "special training or education" contemplated by Rule 702, M. R. Evid., that would allow him to offer opinion testimony regarding indoor air quality, "undiscovered" or yet-to-be-discovered mold, the extent of alleged contamination beyond that witnessed to date, and what a mold abatement effort would entail or cost. Similarly, the

3

court refused to allow Curry to testify as to the appropriate standard of care for a real estate agent or broker. The court dismissed Curry's experience as having participated as a party to seven real estate transactions in the past twelve years. Curry had been represented by a professional real estate agent in six of those transactions. The court proceeded to grant defendants' motions for summary judgment, in large part, based upon the fact that the court had refused to allow Curry to testify as an expert witness on many of the subjects at issue. Hall appeals.

¶7 Hall argues on appeal that the District Court abused its discretion in granting the various motions in limine. Hall contends that Curry demonstrated that he met the requirements of knowledge, skill and/or training as to each issue to be able to provide expert or skilled testimony. Hall further contends that the District Court improperly bootstrapped its rulings on the motions in limine into a summary judgment.

¶8 We review for an abuse of discretion a district court's determination regarding motions in limine. *Tin Cup Co. Water and/or Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶ 46, 347 Mont. 468, 200 P.3d 60. We reverse a district court's rulings regarding expert witness testimony only if the court "acts arbitrarily without employment of conscientious judgment or so exceeds the bounds of reason as to work a substantial injustice." *Id*. We review de novo a district court's grant of summary judgment. *Prosser v. Kennedy Enters., Inc.,* 2008 MT 87, ¶ 10, 342 Mont. 209, 179 P.3d 1178.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court did not

abuse its discretion with respect to the motions in limine and that no genuine issues of material fact existed that precluded the District Court's grant of summary judgment.

¶10     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON