No. 90-595

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

WILLIAM A. BLASKOVICH,

Petitioner and Respondent,

-vs-

DUANNA F. BLASKOVICH,

Respondent and Appellant.

FILED

JUL 23 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Douglas G. Skjelset; Skjelset Law Offices, Missoula,
Montana.

For Respondent:

Christopher Daly, Missoula, Montana.

Submitted on briefs: April 25, 1991

Decided: July 23, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Respondent and appellant, Duanna F. Blaskovich, filed a motion to set aside a default decree of dissolution obtained by the petitioner and respondent, William A. Blaskovich, in the Fourth Judicial District Court, Missoula County. When the District Court failed to rule on the motion within 45 days, the motion was deemed denied. Duanna appeals. We reverse and remand.

The dispositive issue on appeal is whether the District Court erred in failing to set aside the default decree of dissolution and property settlement as void for lack of personal jurisdiction over Duanna due to insufficient service of process.

Duanna and William Blaskovich were married in Missoula on October 14, 1981. During the marriage, the parties acquired various items of property. They had no children.

On January 25, 1990, William filed a petition for dissolution. The following day at the office of William's attorney, Duanna was shown a copy of the petition and an acceptance of service form, which she refused to sign. She informed William and his attorney that she would be moving to Roy, Utah. Later that day, she phoned the attorney to give him her Utah address, 5463 South 2775 West, as well as a post office box number.

On January 30, 1990, William sent the summons and petition to the sheriff of Weber County, Utah, the county in which the town of Roy is located. The papers were accompanied by a letter directing the sheriff to serve Duanna at 5563 South 2775 West in Roy, an

address that differed from the one given him by Duanna by only one digit. Unable to locate Duanna because no such address could be found, the sheriff did not complete service and returned the papers to William.

William then forwarded copies of the petition and a notice and acknowledgment of service by mail form to Duanna's post office box. In response, Duanna sent a letter to William, acknowledging that she had received "divorce papers" and refusing to sign any documents. At the hearing to set aside the default, Duanna claimed that the summons was not included with these papers.

On March 27, 1990, the hearing on the dissolution was held. At the hearing, William claimed that he was unable to personally serve Duanna because she had supplied him with a "bogus" address. He told the court that he had then attempted service by mail but that Duanna had refused to sign the acknowledgment form. Based upon William's assertion of due diligence in attempting personal service, as well as his assertion that Duanna had deliberately concealed her true address, the court found that Duanna's reply letter constituted proof of constructive or substituted service. The court thereupon entered the default dissolution and distributed the property of the parties.

Upon learning of the court's ruling, Duanna filed a motion to set aside the decree under Rules 4D and 60(b), M.R.Civ.P. The motion, filed within 180 days after rendition of the decree, was timely under Rule 60(b), M.R.Civ.P.

The court heard testimony but failed to rule on the motion until the 45-day jurisdictional time limit elapsed. The motion was therefore deemed denied. Nevertheless, the court issued an advisory opinion, stating that, although it had lost jurisdiction over the matter, it was of the opinion that the default judgment should be set aside for lack of personal jurisdiction over Duanna due to insufficient service of process. The court found that it was reasonable to infer that Duanna supplied William with a correct street address rather than a "bogus" and deliberately fraudulent address and that William made an error in transcribing the address when he asked the Weber County Sheriff to personally serve her. The court found that Duanna did not deliberately conceal her address and that William's failure to personally serve her was due to his own error and lack of diligence.

Duanna now appeals.

Personal jurisdiction may be obtained only through strict compliance with the Rule 4D, M.R.Civ.P., which governs service of process. Sink v. Squire, 236 Mont. 269, 273, 769 P.2d 706, 708 (1989); Shields v. Pirkle Refrigerated Freightlines, Inc., 181 Mont. 37, 45, 591 P.2d 1120, 1125 (1979). When service is flawed, it "confer[s] no jurisdiction and the default judgment entered therein [is] void." Shields, 181 Mont. at 45, 591 P.2d at 1125.

Personal service may be obtained outside of the state of Montana in the same manner provided for service within the state. Rule 4D(3), M.R.Civ.P. Thus, in conformity with Rule 4D(2)(a),

4

M.R.Civ.P., a plaintiff may serve a competent adult who resides outside of this state by delivering a copy of the summons and complaint to her personally. A plaintiff may also serve a competent adult by sending a summons, complaint, and notice and acknowledgment of service through the mail, provided the defendant signs and returns the notice and acknowledgment form. Rule 4D(1)(b), M.R.Civ.P.

In the present case, William attempted to personally serve Duanna in accordance with Rule 4D(2)(a), M.R.Civ.P. Service could not be completed, however, because William gave the Weber County Sheriff the wrong address.

When personal service was ineffective, William attempted to serve Duanna by mail in accordance with Rule 4D(1)(b), M.R.Civ.P. Duanna admitted that she received the complaint and the notice and acknowledgment form. She contended, however, that William did not include the summons with the other papers.

If William failed to send the summons to Duanna, service was ineffective. However, even if William did send the summons with the other papers, the court did not have jurisdiction over her. Jurisdiction cannot be obtained simply by mailing a copy of the summons and complaint to the defendant. Service by mail is not complete until the notice and acknowledgment of receipt of summons is signed by the defendant. Rule 4D(1)(b)(iii), M.R.Civ.P. If the defendant refuses to sign and return the acknowledgment, the plaintiff is required to personally serve the defendant. Rule 4D(1)(b)(i), M.R.Civ.P.

5

The notice and acknowledgment received by Duanna provided as follows:

> You <u>may</u> complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days after the date it was mailed to you as shown below.
>
> . . . .
>
> If you do not complete and return this form to the sender within 30 days after the date it was mailed to you as shown below, you may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.
>
> If you do complete and return this form, you must answer the Petition within 20 days after the date of signature which you place on the acknowledgment below. If you fail to answer the Petition within the foregoing 20 day period, judgment by default will be taken against you for the relief demanded in the Petition. (Emphasis added.)

The acknowledgment informed Duanna, in conformity with Rule 4D(1)(b)(ii), M.R.Civ.P., that the only penalty she would suffer if she chose not to sign and return the acknowledgment would be liability for the costs of other methods of service of process. It further informed her that if she signed the acknowledgment and then failed to answer the petition, she would be in danger of default. It did not inform her that by sending a letter in which she explicitly refused to sign the acknowledgment she could also suffer a default.

Duanna acted within her rights when she refused to sign and return the acknowledgment of service. Although she had actual knowledge of the impending suit, actual knowledge without proper service is insufficient to confer jurisdiction.

6

Furthermore, William was not left without a method in which to achieve service. He could have served Duanna by publication under Rule 4D(5), M.R.Civ.P., or he could have undertaken further efforts to find her correct address in Utah.

William did not properly serve Duanna. Consequently, the District Court did not acquire personal jurisdiction over her and the default decree of dissolution is void.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7