No. 04-801

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 268

LARRY SEMENZA,

       Plaintiff and Appellant,

   v.

DON KNISS and STOCKMAN'S LIVESTOCK ORDER BUYING, INC.,

       Defendant and Respondents.

APPEAL FROM:    District Court of the Ninth Judicial District,
                 In and for the County of Teton, Cause No. DV 2003-012
                 The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Floyd D. Corder, Corder & Allen, Great Falls, Montana

       For Respondent:

           Scott A. Fisk, Crowley Haughey Hanson Toole & Dietrich PLLP, Helena,
           Montana

Submitted on Briefs:  June 21, 2005

Decided:  October 25, 2005

Filed:

_____
                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Larry Semenza (Semenza) appeals from the Order of the District Court of the Ninth Judicial District, Teton County, dismissing his claim against Stockman's Livestock Order Buying, Inc. (Stockman's) for lack of personal jurisdiction. We affirm. The dispositive issue on appeal is whether the District Court erred in determining that it lacked personal jurisdiction over Stockman's.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On April 3, 2003, Semenza filed his Complaint in District Court, naming Don Kniss (Kniss) and Stockman's as defendants. In this Complaint, Semenza alleged, *inter alia*, that he was a resident of Montana, that Kniss was a resident of Oklahoma, and that Stockman's was an Oklahoma corporation with its principal place of business in Oklahoma City, Oklahoma. Semenza also alleged that he had sold cattle to the defendants for a total purchase price of $87,400.00, to be paid in full on April 7, 2001. Further, Semenza alleged that he had received only $35,000.00 in payment, and that the defendants had breached their contract by failing to pay the remaining balance of $52,400.00. Pursuant to these allegations, Semenza demanded a jury trial and requested, *inter alia*, judgment in the amount owed on the contract, plus interest.

¶3     On October 10, 2003, Semenza filed his Motion for Entry of Default against Stockman's, stating that Stockman's "was properly served in this action with a First Additional Summons and Complaint on July 28, 2003, and has failed to plead or otherwise defend." The District Court entered the requested default that day, stating that Stockman's

2

"is in default for failure to plead or otherwise defend as provided by Montana Rules of Civil Procedure."

¶4      On February 5, 2004, Semenza filed his Motion for Entry of Default Judgment against Stockman's, requesting judgement in the amount of $52,400.00, plus interest on this sum at 10% per annum from April 7, 2001 to January 30, 2004, amounting to $14,758.11. Semenza further requested that the judgment include his costs of $190.00, together with interest on the principal and costs at the rate of 10% per annum until paid. Semenza's counsel filed an accompanying affidavit whereby he personally testified to the accuracy of the dates and monetary figures specified in the Motion.

¶5      On February 10, 2004, the District Court entered a judgment in favor of Semenza without specifying a defendant against whom the judgment could be enforced. This judgment simply stated that Semenza was entitled to the balance allegedly due on the contract, together with costs and interest as specified in his Motion for Entry of Default Judgment. Then, on February 24, 2004, the District Court entered this same judgment specifically against Stockman's.

¶6      On May 28, 2004, Justin B. Lee, of Burke & Lee Law Office, filed two documents in this action. One was entitled "Notice of Appearance," and it stated that he would serve as counsel of record for Kniss[1] and Stockman's, and that all subsequent correspondence and other communications should be directed to him. The other was a Motion to Set Aside

---

[1] The record before us does not disclose Kniss' present status in this litigation, but Stockman's states that Kniss is not a party to this appeal.

Default Judgment pursuant to Rule 60(b), M.R.Civ.P. This Motion, which was filed on behalf of Stockman's alone, requested that the District Court "set aside its default judgment in this action and allow Defendant to answer Plaintiff's complaint." In justifying this request, the Motion asserted that Stockman's "was not properly served with this complaint and summons and in fact was not aware of the existence of this complaint and summons until recently."

¶7 The District Court ordered a hearing to be held on June 22, 2004, regarding the Motion. Semenza moved for a continuance, which the District Court granted. At the hearing, held July 27, 2004, the parties presented arguments regarding whether Stockman's was properly served. However, there was no discussion regarding the impending operation of Rule 60(c), M.R.Civ.P., which provides that motions made pursuant to Rule 60(b), M.R.Civ.P., are deemed denied if not ruled upon within sixty days of filing. The District Court did not make a ruling that day, but ordered the parties to submit briefs.

¶8 In its brief, Stockman's argued that it had not been properly served. Semenza argued that the Motion to Set Aside Default Judgment was deemed denied pursuant to Rule 60(c), M.R.Civ.P., and that the District Court therefore did not have jurisdiction to set aside the default judgment. In rendering its Order to Dismiss for Lack of Personal Jurisdiction on September 28, 2004, the District Court found that Stockman's had not been properly served and, consequently, dismissed Semenza's claim. In doing so, the District Court concluded that it never had personal jurisdiction over Stockman's and thus lacked authority to enter the default judgment. Accordingly, the District Court did not address Semenza's arguments

4

regarding the deemed denial of the Motion to Set Aside Default Judgment. Semenza now appeals from the Order dismissing his claim, requesting that we reverse the District Court and reinstate the default judgment.

## STANDARD OF REVIEW

¶9 We review a district court's conclusions of law regarding personal jurisdiction to determine whether they are correct. *Gulf Ins. Co. v. Clark*, 2003 MT 87, ¶ 11, 315 Mont. 121, ¶ 11, 68 P.3d 673, ¶ 11. We review related findings of fact to determine whether the findings are clearly erroneous. *Gulf Ins. Co.*, ¶ 11.

## DISCUSSION

¶10 Semenza contends that the District Court did not have jurisdiction to enter its Order dismissing his claim. In supporting this contention, Semenza challenges the District Court's findings of fact and conclusions of law. Specifically, Semenza asserts that Stockman's was properly served at its address in Oklahoma, and that Kniss accepted service on behalf of Stockman's. Semenza also asserts that Stockman's knew of the District Court action before being served because it had received a letter from the United States Department of Agriculture which referenced the action.

¶11 Nonetheless, Semenza argues, the issue of whether service was properly achieved is moot because Stockman's invoked the jurisdiction of the District Court by filing its "unlimited" Notice of Appearance along with its Motion to Set Aside Default Judgment. Further, Semenza argues that the Motion was deemed denied, pursuant to Rule 60(c), M.R.Civ.P., when the District Court did not rule on it within sixty days. This deemed denial,

5

Semenza notes, strips a district court of jurisdiction to consider questions raised on the merits, as this Court explained in *Wallinder v. Lagerquist* (1982), 201 Mont. 212, 219, 653 P.2d 840, 843. Thus, Semenza argues that the District Court did not have jurisdiction to subsequently enter its Order dismissing the claim for lack of personal jurisdiction. Finally, Semenza argues that this Court can not review the merits of the issues raised in the Motion to Set Aside Default Judgment because Stockman's did not appeal in a timely fashion after the Motion was deemed denied.

¶12     In response, Stockman's argues, *inter alia*, that the District Court correctly determined it had not obtained personal jurisdiction over Stockman's due to improper service. Stockman's also argues that any judgment made by a court lacking jurisdiction is void *ab initio*. Further, Stockman's argues that the District Court could not lose jurisdiction pursuant to Rule 60(c), M.R.Civ.P., because it never actually gained personal jurisdiction over Stockman's.

¶13     We first address Semenza's contention that this Court can not review the merits of the issues raised in the Motion to Set Aside Default Judgment because Stockman's did not appeal in a timely fashion after the Motion was deemed denied. Semenza would have us conclude that we can not consider the issue of personal jurisdiction over Stockman's because that issue was raised in the Motion to Set Aside Default Judgment; because the Motion was subsequently deemed denied; and because the denial was not appealed in a timely fashion. However, the deemed denial of a motion to set aside a default judgment is not conclusive as to the issue of personal jurisdiction, even when the proffered reason for bringing the motion

6

is an alleged lack of personal jurisdiction. Rather, personal jurisdiction is established either by strict compliance with the rules governing service of process, *Blaskovich v. Blaskovich* (1991), 249 Mont. 248, 250, 815 P.2d 581, 582, or by a party's voluntary appearance in an action, Rule 4B(2), M.R.Civ.P. Thus, although Stockman's raised the issue of personal jurisdiction in its Motion to Set Aside Default Judgment, and did not appeal the deemed denial of that Motion, this Court is not precluded from reviewing the District Court's determination regarding personal jurisdiction in the context of its Order dismissing Semenza's claim. Moreover, this Court is obligated to conduct such review because Semenza is now directly challenging the District Court's determination on the issue of personal jurisdiction.

¶14     In rendering its Order to Dismiss for Lack of Personal Jurisdiction, the District Court observed that the praecipe provided only the physical address of a large office building, and did not instruct the process server to serve a person authorized to accept service on behalf of Stockman's as required by the Montana Rules of Civil Procedure. The District Court also observed that "the process server simply served a person at the building address (co-defendant Don Kniss), not an appropriate person within Stockman's office authorized to accept service on Stockman's behalf." Further, the District Court observed that Semenza did not contest these facts. Consequently, the District Court concluded that "service was not properly made pursuant to Rule 4D, M.R.Civ.P."

¶15     Nonetheless, Semenza simply asserts that Stockman's was properly served at its address in Oklahoma, and that Kniss accepted service on behalf of Stockman's. We are not

7

persuaded by these bald assertions because Semenza presents no argument as to how the District Court may have erred in concluding that service was not properly achieved. As we have previously held, this Court is not obligated to develop legal analysis that may lend support to a litigant's position. *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19.

¶16 Semenza also asserts that Stockman's knew of the District Court action before being served because it had received a letter which referenced the action. This letter stems from a complaint which Semenza filed with the United States Department of Agriculture prior to the inception of the case *sub judice*. Semenza's assertion avails nothing, however, as actual knowledge of a lawsuit is no substitute for proper service. *Blaskovich*, 249 Mont. at 251, 815 P.2d at 583.

¶17 We now turn to Semenza's argument that the initial response filed by Stockman's invoked the jurisdiction of the District Court. Semenza seems to suggest that Stockman's should have filed a special appearance in order to preserve its opportunity to contest personal jurisdiction. Specifically, Semenza argues that the District Court acquired jurisdiction over Stockman's upon the filing of its "unlimited" Notice of Appearance along with its Motion to Set Aside Default Judgment. However, a special appearance is no longer required to contest personal jurisdiction, as "Rule 12, M.R.Civ.P., abolished the distinction between special and general appearances." *Knoepke v. Southwestern Railway Co.* (1980), 190 Mont. 238, 243, 620 P.2d 1185, 1187. Hence, a party may challenge a court's personal jurisdiction simply by raising the issue in its initial response to a claim. *Knoepke*, 190 Mont. at 243, 620

P.2d at 1187. "If the party's initial response to the opponent's claim raises a personal jurisdiction issue, then the party is not subject to the general power of the court solely because of the response." *Knoepke*, 190 Mont. at 243, 620 P.2d at 1187-88. Here, Stockman's raised the personal jurisdiction issue in its initial response by arguing that it was not properly served. Thus, the initial response filed by Stockman's did not invoke the jurisdiction of the District Court.

¶18 Finally, we address Semenza's argument that the deemed denial of the Motion to Set Aside Default Judgment, pursuant to Rule 60(c), M.R.Civ.P., deprived the District Court of jurisdiction to enter its Order dismissing the case. Rule 4B(2), M.R.Civ.P., provides that a court may acquire personal jurisdiction over a party through service of process or by way of a voluntary appearance in an action. Rules for service of process are mandatory and must be strictly followed. *In re Marriage of Zacher*, 2004 MT 249, ¶ 16, 323 Mont. 54, ¶ 16, 98 P.3d 309, ¶ 16. If service of process is flawed, the court acquires no jurisdiction over the party, and a default judgment entered thereon is void. *Blaskovich*, 249 Mont. at 250, 815 P.2d at 582.

¶19 Here, the District Court found that Stockman's was not properly served, and we have rejected Semenza's assertion to the contrary. Moreover, Stockman's did not make a voluntary appearance in the action. Rather, as noted above, Stockman's contested personal jurisdiction in its initial response to Semenza's claim. Thus, the District Court did not ever have personal jurisdiction over Stockman's in this action, and the default judgment entered against Stockman's is void. *Blaskovich*, 249 Mont. at 250, 815 P.2d at 582. As such, the

9

deemed denial of the Motion to Set Aside Default Judgment was inconsequential, and it did not place the stamp of finality on the default judgment. Accordingly, we must reject Semenza's argument that the District Court did not have jurisdiction to enter its Order dismissing the case.

## CONCLUSION

¶20     We conclude that none of the District Court's findings of fact were clearly erroneous, and none of its conclusions of law were incorrect. Accordingly, we hold that the District Court did not err in determining that it lacked personal jurisdiction over Stockman's.

¶21    Affirmed.

                                        /S/ JAMES C. NELSON


We Concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART