JUSTICE McKINNON
delivered the Opinion of the Corat.
¶1 This case arises from a dispute over a home inspection performed by Don Hall of a home purchased by Gregory S. Hall in 2006. (Don and Gregory are not related.) Gregory filed a complaint against Don; the seller of the home, John Heinlein; real estate broker Donna Hall, also Don’s wife; and real estate broker Debra Cemick. Gregory alleged that the defendants failed to disclose material defects in the property including structural leaks, a faulty furnace, clogged plumbing, and toxic mold. Defendants Donna Hall, Heinlein, and Cemick ultimately obtained summary judgment on the grounds that Gregory received a disclosure statement and had imputed knowledge of the defects. Gregory appealed, and the judgment was affirmed by this Court. The District Court, determining that Don had not filed a sufficient answer to the complaint, entered default judgment against Don in the amount of $206,522.80. After issuance of a writ of execution, Don asked for the default judgment to be set aside and also sought to claim exemptions. These requests were denied by the District Court. Don appeals. We reverse.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 Don, who represented himself during most of the proceedings, claims little knowledge of the legal system, and thus the timeline of his participation in this case requires close examination. Gregory filed his complaint on March 5,2007, Judge Michael C. Prezeau presiding. On March 8,2007, Gregory requested a substitution of judge. Judge C. B. McNeil assumed jurisdiction on March 20, 2007. A summons was issued to Don on March 5, 2007, naming Judge Prezeau as the presiding judge, and informing Don that he was required to file a *226 response within 20 days or suffer default.[1] The return of service indicates that Don was served with the summons and complaint on March 13, 2007. Don was thus required to appear or answer on or before April 2, 2007. Don submitted a financial affidavit and request for waiver of fees, which he signed on March 28,2007, and which was filed April 4,2007. The order waiving fees was signed by Judge McNeil on April 3,2007, and also filed April 4,2007. Don continued to receive service of all filings in the case, and on May 7,2007, Don signed and returned a copy of the order calling in Judge McNeil.
¶3 The next filing by Don to appear in the record is a typed letter from Don to Judge Prezeau, filed in the District Court on September 20, 2007. There is no date reflecting when Don may have written or mailed the letter. In the letter, Don states that he received the summons and complaint on March 14,2007, and would “try to answer this as best as I can,” although he could not afford an attorney. He admitted that he looked over the house for structural damage and general appearance in July of 2006 and wrote up a short list of noticeable defects. He stated that he had retired two years earlier and only looked at the house as a favor. He stated that he was not paid for the inspection, did not have insurance, and is not licensed to conduct specialized inspections for issues such as mold. He noted that the house was older, and therefore likely to have some flaws. Nevertheless, he felt the house was in good shape. He indicated that he took no part in the buying and selling of the house. He suggested mediation of the case “between Mr. [Gregory] Hall and Mr. Heinlein [by] a person agreeable to both.” He also stated, “I really think this should be dismissed and 1 am asking for a Dismissal on account of the fraudulent claims by Mr. [Gregory] Hall.” The letter was copied to Judge McNeil on September 20, 2007, docketed as “Answer of Don Hall/Motion to Dismiss,” and a page was placed in the record immediately following the letter indicating that a copy had been mailed to counsel for all parties.
¶4 On October 19, 2007, “[a]ll of the Defendants having filed an answer,” a scheduling conference was set. On November 30, 2007, Gregory filed a “Motion to Determine Sufficiency of Writing as an Answer,” attaching a handwritten letter Gregory’s counsel, Maxwell Battle, had received from Don. Judge McNeil signed an order prepared by Battle stating “that the writing served upon Plaintiffs Counsel by *227 Pro Se Defendant DON HALL does not comply with Rule 8, M. R. Civ. P.” Judge McNeil inserted a handwritten note adding, “and the letter to Judge Prezeau filed Sept. 20,2007.” The order, filed November 28, 2007, directed Don to file an answer satisfying the requirements of M. R. Civ. P. 8 within 10 days. No further writings by Don were filed within that time. On February 11, 2008, Gregory moved for default against Don, which was entered by the District Court on February 20, 2008.
¶5 Defendants Donna Hall, Heinlein, and Cemick moved for summary judgment, which was granted on February 20, 2009. The District Court concluded that Donna Hall, as Gregory’s agent for the purchase of the home, was aware of a possible defect in the furnace, and this knowledge should be imputed to Gregory. Further, the District Court did not find credible Gregory’s claim that the page from the disclosure form on which the furnace defect was disclosed was missing. The District Court also noted Donna Hall’s testimony that she informed Gregory of the furnace defect when he first toured the property and that no pages were missing from the disclosure form she provided to Gregory. The District Court concluded that other defects alleged by Gregory, such as “toxic mold,” were immaterial due to Gregory’s concession that “this case would not exist but for his failure to ‘see’ the allegedly missing page” containing notice of the furnace defect. The determination that material defects were disclosed to Gregory undermined the factual basis of his claims against all defendants, including Donald. Gregory appealed, and this Court affirmed in a memorandum decision on November 10,2010. Hall v. Hall, 2010 MT 243N, 359 Mont. 444, 249 P.3d 80.
¶6 On February 16,2010, after entry of summary judgment in favor of defendants, Gregory requested “final default judgment” against Don. Gregory stated that default “on the issue ofliability” had been entered against Don, and further stated that it was unknown whether Don objected to the motion because “[c]ontact with him is impractical and would serve no purpose under the circumstances of this case.” Gregory requested damages in the amount of $206,522.80.
¶7 Each of the remaining defendants, Donna Hall, Heinlein, and Cemick, filed responses or notices of position objecting to the motion for a default judgment against Don. Donna Hall argued that “Don Hall’s fate should be allowed to rise or fall with the rest of the Defendants, rather than entering a judgment against him based on claims and theories that saw no traction in any other capacity in this proceeding.” Heinlein argued that despite the default, Hall had a right to a hearing on damages, which must be limited to those the plaintiff *228 could reasonably prove as a matter of law. Cemick similarly argued that, based on the earlier summary judgment ruling, “it appears... that a portion of the damages sought by Plantiff against Don Hall are not recoverable as a matter of fact or law.”
¶8 Gregory moved to strike these responses, arguing that none of the remaining defendants or their counsel had standing to object on behalf ofDon. Gregory provided correspondence with Tracy Axelberg, counsel for Donna Hall, in which Axelberg acknowledged that he did not have authority to act on Don’s behalf, but said, “It’s just the right thing to do, in my view. He did file a response to the complaint, at least in a fashion; not really responsive, but something as opposed to nothing.” On April 1,2010, Gregory’s counsel, Battle, filed notice with the court of a letter received from Don stating, “I feel that you don’t have a so called Default Judgment of any sorts against me or anyone.... I did answer your letter of Default over 2 years ago.”
¶9 On April 14,2010, the District Court granted Gregory’s motions to strike and for default judgment. Judgment was entered against Don in the amount of $206,522.80. The District Court concluded, “Said Defendant [Don] has filed no appearance in this proceeding inclusive of consideration of the document filed by Plaintiff April 1,2010 which attaches an unsigned letter to Plaintiffs counsel which does not constitute a response by Defendant Don Hall to the Motion for Default Judgment as a matter of law.”
¶10 On October 8, 2010, the judgment being unpaid, a writ of execution was issued directing the sheriff to seize Don’s personal property in order to satisfy the judgment. On December 14,2010, Don filed a letter in which he “ma[de] a motion or appearance to have an unjustified Court Order of Default Judgment set aside and forever stricken....” He stated that he had “recently found out that I cannot send any papers directly to the Judge,” and thus many of his writings or responses may never have been considered by the court. He attached a copy of a letter to Judge McNeil, dated December 6,2007, stating, “I received your letter Nov 30, 2007 about a hand written letter that I had sent out to Maxwell G. Battle Jr. some time in the early spring of 2007.” The December 6 letter also stated, “I later wrote a different letter to Judge Prezeau here in Libby and tried to explain my case a little better and to also ask for a dismissal of the case. This letter was sent out on March 25,2007.... I feel I had already answered all that I know how to, and I cannot hire anyone to help in this case. I still feel it should have been dismissed.” This letter does not appear elsewhere in the record.
¶11 Gregory moved to strike the December 14 letter, including all *229 attachments, and sanction Don. On Januaiy 5,2011, the District Court granted the motion, signing an order that appears to have been drafted by Battle. The District Court concluded that Don’s letter was untimely as a motion to set aside the default judgment. The District Court further ordered Don to pay Gregory’s reasonable attorneys’ fees and costs in responding to the letter. Don did not appeal the District Court’s denial of his request for relief from the judgment.
¶12 On June 3, 2013, previous attempts at execution having been unsuccessful, Gregory requested a second writ of execution. The judgment by that time, including interest, totaled $270,809.48. Gregory also moved the District Court to order the sheriffs office to assist him in enforcing the writ. The order of assistance was issued June 7,2010. A notice of seizure was filed on June 13,2013, with an accompanying three-page list of items seized from Don’s home, including fishing boats, construction tools and equipment, firearms, and two pickup trucks. Don, then represented by counsel, moved for a hearing to assert exemptions. The District Court denied the motion on July 30, 2013. Don filed a notice of appeal in this Court on August 26,2013, and after a financial eligibility screening was appointed pro bono appellate counsel. Don later filed for bankruptcy under Chapter 7 of the Bankruptcy Code. Discharge was granted August 12,2014.
STANDARD OF REVIEW
¶13 We view default judgments with disfavor in light of our policy that cases are to be tried on the merits. Mont. Prof'l Sports, LLC v. Nat’l Indoor Football League, LLC, 2008 MT 98, ¶ 21, 342 Mont. 292, 180 P.3d 1142. We review a district court’s decision to deny a motion to set aside a default judgment for only a slight abuse of discretion. Mont. Prof l Sports, ¶ 21.
DISCUSSION
¶14 We first address whether, in light of the discharge in bankruptcy, this case is moot. Mootness is a threshold issue we must resolve before addressing the merits of a dispute. Havre Daily News, LLC v. City of Havre, 2006 MT 215, ¶ 31, 333 Mont. 331, 142 P.3d 864. A matter is moot when the court can no longer grant effective relief or restore the parties to their original positions. Serrania v. LPH, Inc., 2015 MT 113, ¶ 14, 379 Mont. 17, 347 P.3d 1237; Havre Daily News, ¶ 31. A discharge in bankruptcy “voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor ... .” 11 U.S.C. § 524(a)(1) (2012). Further, a *230 creditor may not commence or continue any action to collect from the debtor after discharge. 11 U.S.C. § 524(a)(2). A debtor’s appeal from a discharged judgment may be considered moot, because where a judgment is void and cannot be collected, the parties have already effectively been restored to their original positions and a court can offer no further relief. See Serranía, ¶ 15. Like Serranía, this case addresses a debtor’s appeal from a judgment discharged in bankruptcy. In this case, however, the judgment was executed prior to the bankruptcy. There is still relief to be granted, because Don still has an interest in the return of personal property seized from his home. While the bankruptcy statutes void the judgment as a determination of Don’s liability to Gregory and prohibit Gregory from further attempts to collect on that liability, they are silent on the topic of Don’s present attempt to recover wrongftdly seized items from Gregory. This Court is in a position to restore the parties, insofar as possible, to their original positions. The case is not moot.
¶15 On appeal, Don argues that the default judgment is void, but acknowledges that appeal from the order striking his motion to have the default judgment set aside, entered January 5,2011, is not timely. Don therefore asks, “Is a pro se defendant entitled to have a default judgment voided and set aside despite not filing for timely appeal?” We construe this as a request for an out-of-time appeal, which we may grant “[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice ....” M. R. App. P. 4(6). The record before us demonstrates that this is such a case. Therefore, we consider Don’s appeal from the District Court’s order striking his motion to set aside default judgment.[2] In so doing, we look to the Montana Rules of Civil Procedure in effect at the time, noting that the rules were substantially revised effective October 1, 2011. Order, In re Revisions to the Montana Rules of Civil Procedure, No. AF 07-0157 (Mont. Apr. 26, 2011).
¶16 Pursuant to M. R. Civ. P. 55(c) (2009), a district court may set aside an entry of default for good cause shown, and may set aside a default judgment under M. R. Civ. P. 60(b). That rule provides that the court may reheve a party from a final judgment for the following *231 reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
M. R. Civ. P. 60(b) (2009). The motion must be made “within a reasonable tíme.” M. R. Civ. P. 60(b) (2009). If based on claims of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, the motion must be made within 60 days.[3] M. R. Civ. P. 60(b) (2009).
¶17 Default was entered against Don on February20,2008. M. R. Civ. P. 55(c) (2009) states no specific time limit on a motion to set aside default, providing only that such a motion may be granted “for good cause.” Default judgment, in the amount of $206,522.80, was entered April 14, 2010. Don’s motion to have the default judgment set aside was filed eight months later, on December 14,2010. The District Court, in its order striking Don’s motion to set aside default judgment, found the motion untimely because it was not filed within 60 days after entry of judgment. The 60-day limit, however, applies only to motions based on claims of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. A request to set aside default judgment on any other grounds must be filed only “within a reasonable time.”
¶18 In his motion to set aside default, Don observed that the events alleged by Gregory in his complaint “already had been found not to be the faults of any of the defendants or even caused any damages.” Don also refers to the notices of position sent by counsel for each of the remaining defendants, arguing that entry of default judgment against him was unjust and, in any case, could not occur without a hearing to establish the amount of damages. Don’s motion thus raised questions as to whether the judgment was void, whether prospective application of the judgment would be equitable, or whether he was otherwise entitled to relief from the judgment. M. R. Civ. P. 60(b) (2009). The *232 District Court, concluding only that Don made “no showing of mistake, inadvertence, excusable neglect, newly discovered evidence or fraud,” did not consider other grounds. Under these circumstances, the District Court erred when it applied the 60-day time limit as a strict bar, failing to consider the basis for the motion or the reasonableness of its timing.
¶19 Notice of entry of judgment was sent to Don on May 1, 2010. Notice of Gregory’s appeal of the summary judgment entered in favor of the remaining defendants was sent to Don on the same day. Don was the first named party in the caption and participated in telephonic mediation on appeal. He appears not to have understood that entry of default effectively ended his role in the case. Our Opinion affirming the order of summary judgment was issued November 10, 2010. Considering that Don acted without the assistance of counsel and did not fully understand his role in the case at that stage, the filing of his motion to set aside default one month after the conclusion of a pending appeal does not appear unreasonable.
¶20 We next consider whether Don was entitled to relief from the judgment under M. R. Civ. P. 60(b) (2009). Our concerns about enforcement of the default judgment in this case are many. First, default was entered despite the fact that Don made an effort to answer the complaint. Don claims that his answer, in the. form of a letter to Judge Prezeau, was sent March 25,2007, within the 20-day period for a response. M. R. Civ. P. 12(a) (2007). Although the letter was not filed until September 20,2007, Judge McNeil was nevertheless aware of the letter and Don’s attempt to answer the complaint by the time he entered default. Don’s letter responded, in short and plain terms, to the allegations of Gregory’s complaint. See M. R. Civ. P. 8(b) (2007). Mindful that default judgments are disfavored, Mont. Profl Sports, ¶ 21, and that “pleadings shall be so construed as to do substantial justice,” M. R. Civ. P. 8(f) (2007), we believe the District Court could reasonably have accepted Don’s letter as a sufficient answer. Moreover, Don continued to appear and participate in the case by attending a deposition, a settlement conference, and a telephonic mediation.
¶21 Second, the remaining three defendants in the case were relieved of any liability, and the legal claims upon which Gregory’s complaint was based were found to be meritless. Despite the existence of a legal finding, later affirmed by this Court, that Gregory had established no basis for liability, he went on to seek recovery from the only defendant without the resources to retain counsel. He did so three years after the initial entry of default and only after losing his claims against the three remaining defendants. All three of defendants’ counsel objected *233 to this action, calling their opposition “just the right thing to do” as members of the bar.
¶22 Third, the default judgment — again, in a case in which the defendant appeared on multiple occasions and all theories of liability were affirmatively rejected by the court — was entered without a hearing to determine the amount of damages. It is well-established that this was improper. “In an action for unliquidated damages the default of the defendant admits the material and traversable allegations of the complaint, but does not admit the amount of damages.” Lindsey v. Keenan, 118 Mont. 312, 320, 165 P.2d 804, 809 (1946). In this case, Gregory’s complaint sought damages in an unspecified amount as compensation for maintenance of the home while unoccupied; repair of the home; insurance and taxes on the home while unoccupied; loss of value of the home; lost time from his business; mental pain and anguish; medical treatment resulting from mold exposure; and damage to personal property stored in the home. An affidavit filed in support of his motion for final default judgment calculated these losses at $206,522.80, including $50,000 for pain and suffering. The amount of damages was not fixed by law or agreed upon by the parties, and thus the damages were unliquidated. Sawyer v. Somers Lumber Co., 86 Mont. 169, 178, 282 P. 852, 854 (1929). Regardless of whether Don was properly deemed to have admitted the allegations of the complaint, he was entitled to appear at a hearing to determine the amount of any default judgment. M. R. Civ. P. 55(b) (2009); Paxson v. Rice, 217 Mont. 521, 524, 706 P.2d 123, 125 (1985)(“A defaulting party loses his defenses against the claim, but the claim should only be for the amount of damages actually suffered. ”); Lindsey, 118 Mont. at 321, 165 P.2d at 809. No such hearing was ever held.
¶23 Fourth, the record in this case does not adequately or accurately reflect Don’s attempts to defend his case. There is no record of what happened to Don’s letter to Judge Prezeau during the six months between March 25, 2007, when Don claims he sent the letter, and September 20,2007, when it finally appears in the District Court file. Such an absence in the record does not aid in facilitating appellate review. See City of Billings v. Peterson, 2004 MT 232, ¶ 20, 322 Mont. 444, 97 P.3d 532. Further, self-represented litigants should be granted some degree of latitude. Greenup v. Russell, 2000 MT 154, ¶ 15, 300 Mont. 136, 3 P.3d 124. While we recognize that this does not mean self-represented parties are to be granted exemptions from the rules of procedure governing our system of justice, Greenup, ¶ 15, neither are they to be unduly obstructed in their attempts to access that system of justice. Consistent with this principle, M. R. Civ. P. 5(4Xd) now *234 provides that “[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice.” Finally, we recognize that the letter to Judge Prezeau, because it was not served on opposing counsel, constituted an ex parte communication. In accordance with Ride 2.10 of our Rides of Judicial Conduct, however, the proper procedure was not to ignore the letter for six months under still unknown circumstances, but to give prompt notice of the letter to counsel for all parties.[4]
¶24 The record presented in support of Don’s December 14,2010 motion to set aside the default judgment establishes that, in light of his attempts to appear and defend, and the lack of any finding of liability against the remaining three defendants, prospective application of the judgment was not equitable. M. R. Civ. P. 60(b) (2009). Our rules specifically allow relief to be granted in such circumstances. M. R. Civ. P. 60(b) (2009) (allowing a court to grant relief from a judgment where “it is no longer equitable that the judgment should have prospective application” or for “any other reason justifying relieffrom the operation of the judgment.”). The rather unique circumstances of this case demonstrated that, in the interests of justice, Don was entitled to relief from the judgment. M. R. Civ. P. 60(b) (2009). Saddling a retired contractor with a judgment ultimately totaling $270,000, by sole virtue of the fact that he was the only defendant without the resources necessary to navigate the judicial system, ultimately driving him to bankruptcy as a result of a liability that, as a matter of law, did not exist in the first place, is a harsh result and indeed a miscarriage of justice. M. R. App. P. 4(6).
CONCLUSION
¶25 We reverse the order of the District Court striking Don’s motion to set aside default judgment. We remand for entry of an order setting aside the default judgment and directing Gregory to reimburse Don for amounts recovered thereunder.
¶26 Reversed.
JUSTICES WHEAT, BAKER and SHEA concur.

 The time for a response under M. R. Civ. P. 12(a) (2007) was 20 days. The time for a response under current M. R. Civ, P. 12(a) is 21 days.

 Gregory, on appeal, claims, “As of the present date, Don Hall has never moved to set aside either the initial default or the final default judgment.” We fail to understand this assertion, as on December 14,2010, Don filed with the District Court a document clearly purporting to be a “motion ... to have an unjustified Court Order of Default Judgment set aside...

 The current M. R. Civ. P. 60(cXl) allows such a motion to be made within one year.

 Rule 2.10(B) states: “If a judge receives an ex parte communication having a potentially significant bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the content of the communication and provide the parties with an opportunity to respond. If such communication is in writing, a copy of it shall be made available to the parties and retained.”