FILED

03/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0597

DA 16-0597

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 63

DONNIE DORRELL NOLAN,

       Plaintiff and Appellant,

   v.

RIVERSTONE HEALTH CARE,

       Defendant and Appellee.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 13-0195
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Donnie Dorrell Nolan, self-represented, Shelby, Montana

      For Appellee:

         Stewart R. Kirkpatrick, Megan D. McCrae, Attorneys at Law,
Billings, Montana

Submitted on Briefs:  February 15, 2017

Decided:  March 21, 2017

Filed:

_____
Clerk

Justice Dirk M. Sandefur delivered the Opinion of the Court.

¶1 Donnie Dorrell Nolan (Nolan) appeals the order of the Montana Thirteenth Judicial District Court, Yellowstone County, dismissing his complaint against RiverStone Health Care (RiverStone) for lack of timely service of process. We affirm.

## ISSUE

¶2 The dispositive issue in this matter is whether the District Court erred in dismissing Nolan's complaint for failure to comply with applicable Rules of Civil Procedure for service of process.

## BACKGROUND

¶3 From 2011 through September 30, 2016, RiverStone contracted with Yellowstone County to provide medical services for inmates at the Yellowstone County Detention Facility. Nolan was incarcerated at the facility for a period during that time.

¶4 On February 11, 2013, Nolan filed a pro se complaint against RiverStone asserting a crudely pled civil claim alleging that it violated the Eighth and Fourteenth Amendments to the U.S. Constitution (prohibiting cruel and unusual punishment) by denying him access to a prescribed pain medication (Hydrocodone) while incarcerated. Nolan subsequently filed additional pro se documents and mailed some to RiverStone's general business address. On April 8, 2014, after obtaining issuance of a summons, Nolan mailed the summons to RiverStone along with purported amendments to his original complaint. The attempted mail service did not include his original complaint or an amended complaint.

¶5 On November 3, 2015, the clerk of court notified Nolan that more than a year had passed without any action in his case and that local court rules required dismissal for failure to prosecute absent a showing of good cause for the delay within 20 days. Nolan quickly responded by filing a motion, which indicated he expected the clerk of court to arrange for the sheriff to serve RiverStone on his behalf. In early December, Nolan filed two motions seeking to compel RiverStone to answer his complaint, and mailed a copy of the second motion to RiverStone. At Nolan's request, the clerk of court issued another summons on December 21, 2015.[1]

¶6 On August 31, 2016, RiverStone moved, pursuant to M. R. Civ. P. 12(b)(5), for dismissal of Nolan's complaint for failure to effect proper service of process within three years as required by M. R. Civ. P. 4(t). On September 2, 2016, Nolan filed, and served by mail, two pro se responses opposing dismissal on the asserted grounds that RiverStone had actual notice of the complaint and that pro se litigants are entitled to wide latitude with the technical pleading and practice requirements of the Rules of Civil Procedure. While the motion to dismiss was pending, Nolan belatedly effected personal service of process on RiverStone on September 14, 2016.

¶7 On September 20, 2016, the District Court dismissed Nolan's complaint with prejudice pursuant to:

---

[1] The District Court order describes guidance the office of the clerk of court provided Nolan regarding service of process and the three-year deadline for completing service by February 11, 2016. The correspondence between the clerk's office and Nolan is not of record on appeal.

(1) M. R. Civ. P. 4(d)(3)(B)(iii), 4(i)(3)(A), and 4(t) (requirement for non-mail personal service on authorized corporate agent within 3 years of filing date of complaint);

(2) *In re Marriage of Zacher*, 2004 MT 249, ¶¶ 16-17, 323 Mont. 54, 98 P.3d 309 (proper service of process is jurisdictional – strict compliance with rules for service of process is mandatory) *overruled on other grounds by Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, 338 Mont. 423, 166 P.3d 451.

(3) *Fonk v. Ulsher*, 260 Mont. 379, 383-84, 860 P.2d 145, 147 (1993) (strict compliance with rules for service of process is mandatory notwithstanding actual notice); and

(4) *Xin Xu v. McLaughlin Research Inst. for Biomedical Sci., Inc.*, 2005 MT 209, ¶ 23, 328 Mont. 232, 119 P.3d 100 (pro se litigants entitled to wide latitude regarding technicalities of substantive pleading but must strictly comply with procedural rules).

¶8 Nolan timely appeals the district court dismissal on the asserted grounds that RiverStone had actual notice of his complaint, pro se litigants are entitled to wide latitude under the Rules of Civil Procedure, and relief from the three-year service deadline would not prejudice RiverStone.

**STANDARD OF REVIEW**

¶9 This Court reviews a district court's findings of fact and conclusions of law regarding personal jurisdiction to determine whether the findings are clearly erroneous and whether the conclusions are correct. *Semenza v. Kniss*, 2005 MT 268, ¶ 9, 329 Mont. 115, 122 P.3d 1203 (citing *Gulf Ins. Co. v. Clark*, 2003 MT 87, ¶ 11, 315 Mont. 121, 68 P.3d 673).

**DISCUSSION**

¶10 A plaintiff commences a civil action by filing a complaint. M. R. Civ. P. 3. A judgment is binding on a party only if the court first acquires personal jurisdiction over the party. The court acquires personal jurisdiction only by personal service of process on the adverse party or if the party submits to the jurisdiction of the court by voluntary appearance. M. R. Civ. P. 4(b)(2). Personal service requires delivery of a summons and copy of the complaint to the defendant by an authorized process server. M. R. Civ. P. 4(c)(1) and (d)(1). Alternatively, a plaintiff may serve process on a defendant by mail upon strict compliance with specified mail service requirements including, *inter alia*, provision and timely return of a written acknowledgment of service. M. R. Civ. P. 4(d)(3). However, mail service is not available for service of process on a "corporation, partnership, or other unincorporated association." M. R. Civ. P. 4(d)(3)(B)(iii). Because proper service of process is jurisdictional, *see* M. R. Civ. P. 4(b)(2), strict compliance with the rules for service of process is mandatory. *Zacher*, ¶¶ 16-17; *In re Marriage of Blaskovich*, 249 Mont. 248, 250, 815 P.2d 581, 582 (1991).

¶11 The plaintiff "bears the burden" of timely effecting proper service of process. M. R. Civ. P. 4(c)(1). A plaintiff must effect proper service within three years of the date of filing of the complaint. M. R. Civ. P. 4(t)(1). "[U]pon motion or on its own initiative," the court "*must dismiss* an action without prejudice" if the plaintiff fails to bring about proper service within the three year deadline. M. R. Civ. P. 4(t)(1) (emphasis added). On motion, the court may dismiss an action with prejudice if "the plaintiff fails

5

to prosecute" the action, fails to comply with the Rules of Civil Procedure, or disobeys an order of the court. M. R. Civ. P. 41(b).

¶12 Acknowledging his defective service on appeal, Nolan asserts that RiverStone had actual notice of his complaint and purported amendments based on his informal mail service. However, mere "knowledge of the action is not a substitute for valid service." *Fonk*, 260 Mont. at 383-84, 860 P.2d at 147 (summons and petition left with family member insufficient to confer jurisdiction); *Semenza,* ¶¶ 14-15 (defective service on non-agent); *Blaskovich*, 249 Mont. at 252, 815 P.2d at 583 (proof of mail service insufficient without written acknowledgment). Strict compliance with the rules for service of process is mandatory. *Zacher*, ¶¶ 16-17; *Fonk*, 260 Mont. at 383, 860 P.2d at 147. Therefore, regardless of RiverStone's actual knowledge of the pendency of his complaint, Nolan's informal mail service was insufficient to establish personal jurisdiction as a matter of law.

¶13 Citing *Estate of Mills*, 2015 MT 245, ¶¶ 23-25, 380 Mont. 426, 354 P.3d 1271 (Rice, J., concurring) (discussing *Hall v. Hall*, 2015 MT 226, 380 Mont. 224, 354 P.3d 1224), Nolan asserts that pro se litigants are entitled to relief from mandatory procedural rules. He claims he lacked the knowledge and ability to follow the exacting rules for service of process.

¶14 In contrast to the mandatory threshold jurisdictional issue here, the question in *Mills* was whether good cause existed to equitably set aside a default judgment against a pro se defendant under the three-factor test under M. R. Civ. P. 55(c). *Mills*, ¶¶ 17-21.

6

To the extent referenced in Justice Rice's concurrence, *Hall*, like *Mills*, similarly did not involve a mandatory threshold jurisdictional matter. *Hall*, ¶¶ 20-25 (liberally construing pro se correspondence as timely M. R. Civ. P. 60(b) motion to set aside default judgment and timely notice of appeal based on "rather unique circumstances of this case"). Therefore, *Mills* and *Hall* are distinguishable and provide no support for Nolan's assertion that pro se litigants are entitled to relief from mandatory service of process rules.

¶15 Though this Court often affords pro se litigants wide latitude regarding substantive pleading requirements, they must still strictly comply with procedural rules. *Xu*, ¶ 23. Strict compliance is particularly important where, as here, the procedural rules at issue are jurisdictional in nature. Consequently, the District Court correctly concluded that Nolan was not entitled to relief from the mandatory Rules for service of process.

¶16 Nolan has made no showing that any of the District Court's pertinent findings of fact were clearly erroneous. On de novo review, we conclude the District Court's applications and conclusions of law are correct.

## CONCLUSION

¶17 We hold the District Court correctly dismissed Nolan's complaint due to his failure to comply with the mandatory rules for proper service of process on RiverStone. We affirm.

/S/ DIRK M. SANDEFUR

7

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE