FILED

08/27/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0170

DA 23-0170

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 185

---

MONTY CLARENCE PETERSEN,

     Plaintiff and Appellant,

  v.

JENNIFER J. SIMON, APRN,

     Defendant and Appellee.

---

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-20-112
Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Michael O'Brien, Logan Nutzman, St. Peter Law Offices, P.C.,
Missoula, Montana

     For Appellee:

          Jori Quinlan, Annabelle Smith, Hall Booth Smith, P.C., Missoula,
Montana

---

Submitted on Briefs:  November 1, 2023

Decided:  August 27, 2024

Filed:

                               _____
                                        Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Appellant Monty Clarence Petersen appeals the March 10, 2023, Order Dismissing and Closing Case issued by the Fourth Judicial District Court, Missoula County. We restate the issues as follows:

*Issue One: Does § 25-3-106, MCA, permit a court to dismiss a medical malpractice case with prejudice on the basis of untimely service of the Complaint?*

*Issue Two: If Petersen's Complaint should have been dismissed without prejudice for untimely service, does this Court have jurisdiction to determine whether a new Complaint would be subject to dismissal on other grounds?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Petersen filed a Complaint on January 27, 2020, alleging that Simon committed medical malpractice by prescribing Lovenox to Petersen within 24 hours of his January 25, 2018 surgery, causing injuries to Petersen. A Summons was issued on October 31, 2022. Petersen served the Summons and Complaint on Simon on January 9, 2023.

¶3 Simon moved to dismiss Petersen's Complaint because Petersen did not accomplish service within 6 months after filing the Complaint, as required by § 25-3-106, MCA. Notwithstanding the provision that a complaint dismissed pursuant to § 25-3-106, MCA, shall be dismissed "without prejudice," Simon requested dismissal with prejudice because the two-year statute of limitations prescribed by § 27-2-205, MCA, had expired. The District Court granted Simon's motion and dismissed the Complaint with prejudice.

2

**STANDARD OF REVIEW**

¶4 "The interpretation and construction of a statute is a matter of law, and we review whether the district court interpreted and applied a statute correctly de novo." *Hines v. Topher Realty, LLC*, 2018 MT 44, ¶ 12, 390 Mont. 352, 413 P.3d 813 (citing *State v. Triplett*, 2008 MT 360, ¶ 13, 346 Mont. 383, 195 P.3d 819).

**DISCUSSION**

¶5 Petersen concedes dismissal of his Complaint is appropriate pursuant to § 25-3-106, MCA, because he did not serve the Complaint timely. Petersen argues that dismissal should be without prejudice, though, pursuant to the express language of the statute. Petersen argues that if dismissal of his Complaint should have been without prejudice, then neither the statute of limitations nor statute of repose should prevent him from refiling a complaint. Simon responds that dismissal with prejudice was appropriate because § 25-3-106, MCA, includes an exception to the mandate that dismissal be without prejudice and refiling would be futile.

¶6 *Issue One: Does § 25-3-106, MCA, permit a court to dismiss a medical malpractice case with prejudice on the basis of untimely service of the Complaint?*

¶7 Section 25-3-106, MCA, provides: "A plaintiff in a medical malpractice action shall accomplish service within 6 months after filing the complaint. If the plaintiff fails to do so, the court, on motion or on its own initiative, *shall* dismiss the action *without prejudice* unless the defendant has made an appearance." (Emphasis added.)

¶8 While acknowledging that his Complaint is subject to dismissal for being untimely served, Petersen argues that the plain language of § 25-3-106 requires the dismissal to be without prejudice. Petersen's interpretation is correct. We recently held that § 25-3-106, MCA, "requires dismissal without prejudice." *Estate of Phillips v. Robbins*, 2024 MT 174, ¶ 23, ___ Mont. ___, ___ P.3d ___. Pursuant to a plain reading of § 25-3-106, MCA, the trial court "shall" dismiss "without prejudice" if the dismissal rests solely on a failure to serve within 6 months, as was the basis for the District Court's dismissal in this case.

¶9 The District Court nevertheless concluded that notwithstanding the mandate that dismissal be without prejudice, it "concludes that the phrase 'unless the defendant has made an appearance' is an express exception and allows a court to dismiss a case with prejudice if the defendant appears – as long as other substantive law supports the 'with prejudice' dismissal." The District Court incorrectly interpreted the language "unless the defendant has made an appearance," as creating an exception to the statute's mandate that dismissal be without prejudice.

¶10 Although § 25-3-106, MCA, was passed to create a shorter service of process period for medical malpractice actions than that which is otherwise allowed by M. R. Civ. P. 4(t)(1), nothing in the legislative history of the statute indicates it is intended to deviate from the procedures of Rule 4 in any other manner. Rule 4(t)(1) provides:

> A plaintiff must accomplish service within three years after filing a complaint. Absent an appearance by defendant(s), the court, upon motion or on its own initiative, must dismiss an action without prejudice if the plaintiff fails to do so.

4

Whether service is accomplished under § 25-3-106, MCA, or Rule 4(t)(1), the significance of a defendant's appearance has nothing to do with whether the complaint must be dismissed with or without prejudice; the significance of a defendant's appearance is that the court acquires personal jurisdiction over the defendant by virtue of the appearance, thus obviating the need for service. Toward that end, Rule 4(b)(2) provides in pertinent part:

> Acquisition of Jurisdiction. Jurisdiction may be acquired by Montana courts over any person:
>
> (A) through service of process as herein provided; or
>
> (B) by the voluntary appearance in an action by any person . . .

In *Nolan v. Riverstone Health Care*, 2017 MT 63, 387 Mont. 97, 391 P.3d 95, we held: "The court acquires personal jurisdiction only by personal service of process on the adverse party *or if the party submits to the jurisdiction of the court by voluntary appearance.*" *Nolan*, ¶ 10 (citing M. R. Civ. P. 4(b)(2)) (emphasis added).

¶11 Notwithstanding the mandate that dismissal pursuant to § 25-3-106, MCA, must be without prejudice, the District Court dismissed Petersen's Complaint with prejudice because "a new lawsuit based on the same allegations of medical malpractice would be futile under Montana law." The basis for the District Court's futility determination was its conclusion that a new action would be barred by the medical malpractice statute of limitations and statute of repose set forth at § 27-2-205(1), MCA.

¶12 In *Phillips*, we addressed the interplay between the service time limit at § 25-3-106, MCA, and the statute of limitations at § 27-2-205, MCA. The distinction between *Phillips* and this case is that the basis for dismissal of the amended complaint in *Phillips* was the

running of the statute of limitations provided in § 27-2-205, MCA. *Phillips*, ¶ 4. Although that was the basis for dismissal, the parties' arguments required us to consider what, if any, impact § 25-3-106, MCA's requirement that dismissal for failure to timely serve a complaint be "without prejudice" had on the statute of limitations. *Phillips*, ¶¶ 9-13. While holding that dismissal "without prejudice" for failure to timely serve pursuant to § 25-3-106, MCA, "does nothing to help the plaintiff who is facing an expired limitation period," *Phillips*, ¶ 13, we also held that § 25-3-106, MCA, "*requires* dismissal *without* prejudice.*" *Phillips*, ¶ 23 (emphasis added). Whether or not a refiling of Petersen's Complaint may ultimately prove to be futile is irrelevant at this juncture because the sole basis—and sole authorization—for the District Court's dismissal of the Complaint was § 25-3-106, MCA, which requires dismissal without prejudice.

¶13 The District Court erred by dismissing Petersen's Complaint with prejudice on the basis of untimely service pursuant to § 25-3-106, MCA.

¶14 *Issue Two: If Petersen's Complaint should have been dismissed without prejudice for untimely service, does this Court have jurisdiction to determine whether a new Complaint would be subject to dismissal on other grounds?*

¶15 Having held that Petersen's Complaint should not have been dismissed with prejudice, Petersen asks this Court to determine whether or not he is foreclosed from filing a new complaint. Petersen advances several arguments as to why a new complaint, if and when one is filed, would not be foreclosed by either the statute of limitations or the statute of repose. In its Order, the District Court addressed these arguments within the context of

6

whether Petersen's Complaint was subject to dismissal with prejudice pursuant to § 25-3-106, MCA, because refiling would be futile.

¶16 Much of the arguments advanced by the parties as to the interplay of § 25-3-106, MCA, with § 27-2-205, MCA, are substantively addressed in our recently issued *Phillips* Opinion. The obstacle to the Court addressing these arguments in the context of this case, however, is not so much substantive as it is jurisdictional.

¶17 As Petersen acknowledges, his Complaint was properly dismissed for untimely service pursuant to § 25-3-106, MCA. Having held that dismissal should have been without prejudice, Petersen asks this Court to address whether or not a newly filed complaint, *if and when one is filed*, would be subject to dismissal on different grounds; specifically, the statute of limitations or the statute of repose. Asking the Court to engage in a hypothetical application of the statute of limitations or statute of repose to a complaint that has not yet been filed constitutes an advisory opinion. "[C]ourts have no jurisdiction to issue [advisory] opinions." *Arnone v. City of Bozeman*, 2016 MT 184, ¶ 10, 384 Mont. 250, 376 P.3d 786 (citations omitted). If and when Petersen refiles his Complaint, it may well be subject to dismissal on the basis of the statute of limitations or the statute of repose. Indeed, in light of our recent holding in *Phillips*, we find it difficult to conceive how a newly filed complaint would not be time barred. *Phillips*, ¶ 13 ("The addition in [§ 25-3-106, MCA] of 'without prejudice' does nothing to help the plaintiff who is facing an expired limitation period."). As a practical matter, refiling a complaint under these circumstances might very well constitute an exercise in futility, as the District Court held.

7

But that is not an issue we can address within the context of the present appeal. Since a new complaint has not been filed, much less dismissed by the District Court, there is not a justiciable dispute for us to resolve and we lack the jurisdiction to squarely address Petersen's request as to whether or not a refiled complaint may be subject to dismissal. *Plan Helena, Inc. v. Helena Reg'l Airport Auth. Bd.*, 2010 MT 26, ¶ 13, 355 Mont. 142, 226 P.3d 567.

## CONCLUSION

¶18 The District Court correctly dismissed Petersen's Complaint for untimely service. The District Court erred by dismissing Petersen's Complaint with prejudice contrary to the mandate of § 25-3-106, MCA, that dismissal for untimely service be without prejudice. Whether or not a refiled complaint may be subject to dismissal based on the statute of limitations or statute of repose is not an issue this Court has jurisdiction to address because it would constitute an advisory Opinion.

¶19 The District Court's Order dismissing Petersen's Complaint with prejudice is reversed, and this matter is remanded to the District Court for entry of an Order dismissing the Complaint without prejudice.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE